EILEEN MISCEVICH, Indiv. and as Adm'x of the Estate of Michael Miscevich, Deceased, Plaintiffs-Appellants, *v.* COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

Second District   No. 82—66

Opinion filed November 22, 1982.—Rehearing denied December 16, 1982.

Gregory L. Tumbarello, of Chicago, for appellants.

Thomas H. Fegan, of Johnson, Cusack & Bell, of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Eileen Miscevich, individually and as administratrix of the estate of Michael Miscevich, deceased, brings this appeal pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) from an order granting a motion for summary judgment brought by J. I. Case Co. (defendant). The issues raised by plaintiff on appeal are: (1) whether the decision in *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, controls this case; and (2) whether the defendant imposed a duty upon itself by issuing a warning in its operator's manual. Defendant has raised an additional argument that under "the law of the case" doctrine we are bound by the decisions in two prior appeals wherein identical issues in this same case were decided adversely to the plaintiff.

In count VI of plaintiff's third amended complaint against defendant predicated upon strict liability in tort, plaintiff alleged that on or about June 13, 1978, another defendant, Funway Amusements, Inc. (Funway), was in the process of raising an aluminum light pole to set on top of a pedestal located on Funway's property. The pedestal was situated in close proximity and beneath uninsulated and suspended electrical power lines maintained by another defendant, Commonwealth Edison Co. (Edison). Bruce Enterprises (Bruce) owned a forklift truck which was manufactured by defendant and was being used in the process of raising the light pole. Plaintiff's decedent, Michael Miscevich (decedent), was an employee of Bruce and was assisting in the raising of the light pole when the pole, as it was being lifted on the front vertical track and fork carriage of the forklift truck, came

into contact with the electrical power lines, resulting in decedent's death by electrocution.

After filing its answer to count VI of the third amended complaint, defendant filed a motion for summary judgment. Attached to this motion were two photographs of the forklift truck and light pole, a page of defendant's operator's manual on the operation of the forklift truck, and defendant's memorandum in support of the motion which included references to various depositions not contained in this record on appeal and legal arguments. Plaintiff filed an answer to this motion which also included legal arguments and, additionally, had attached excerpts from the deposition of its expert, Stanley Sedivy, and a photograph of the forklift truck and light pole. The trial court granted defendant's motion for summary judgment and ordered that defendant's manual No. 9—3481 be made a part of the record. The trial court made an express written finding that there is no just reason for delaying enforcement or appeal. See Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). This appeal involves only the defendant, J. I. Case Co., and the granting of summary judgment in its favor on count VI of the third amended complaint.

■■ Two prior appeals arising out of this occurrence have been disposed of by order pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23). In *Miscevich v. Commonwealth Edison Co.* (1981), 100 Ill. App. 3d 1198 (Rule 23 order), an appeal by plaintiff herein of the dismissal of her complaint against defendants other than J. I. Case Co., our court affirmed the dismissal by Rule 23 order. In *Weiland v. Commonwealth Edison Co.* (1982), 104 Ill. App. 3d 1208 (Rule 23 order), an appeal by a different plaintiff from the granting of a dismissal of Commonwealth Edison Co. and the granting of a motion for summary judgment in favor of J. I. Case Co., the Appellate Court, First District, Second Division, affirmed the judgments also by Rule 23 order. Defendant argues that the orders in these cases invoke the doctrine of the "law of the case" and require our affirmance.

Under the "law of the case" doctrine, this court is bound by the particular views of law announced in our prior opinion in a case between the same parties, unless the facts presented require a different interpretation. (*Sepesy v. Archer Daniels Midland Co.* (1981), 97 Ill. App. 3d 868, 871-72, 423 N.E.2d 942; *Bradley v. Howard Hembrough Volkswagen, Inc.* (1980), 89 Ill. App. 3d 121, 124, 411 N.E.2d 535; *People v. Smith* (1979), 72 Ill. App. 3d 956, 962, 390 N.E.2d 1356.) It is readily apparent that in the prior appeal before this court brought by plaintiff, the defendant was not involved as a party nor was any issue raised as to it. In a separate appeal to the Appellate Court,

First District, a different plaintiff, who was injured arising out of the same occurrence, brought the appeal from a dismissal of its complaint against Commonwealth Edison Co. and the granting of summary judgment for J. I. Case Co. Since neither appeal involved the identical parties to this action and the same questions previously determined, we reject defendant's argument that "the law of the case" doctrine is applicable.

Before proceeding to our consideration of the merits of the issues raised by plaintiff on appeal, we feel compelled to comment on the failure of the parties to comply with the express provisions of section 57 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 57) relating to the filing of material in support of or opposition to the motion for summary judgment by way of affidavit, counteraffidavit, depositions and admissions on file. As plaintiff has not sought review of, nor did she object at trial to, defendant's failure to properly attach affidavits in support of the motion or file depositions as clearly prescribed in section 57, we decline to *sua sponte* decide this appeal on a ground not raised. Nevertheless, with the regularity with which we observe the flagrant disregard of the express terms of section 57 relative to the method of supporting a motion for summary judgment, we point out that supporting materials such as memoranda of the attorneys, unsigned and unsworn statements, references to depositions not on file, and the attaching of other documents not in conformance with section 57 should not be accepted or considered by the trial court. See *Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239; *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 468; *Stifel, Nicolaus & Co. v. Coloia* (1971), 2 Ill. App. 3d 224, 276 N.E.2d 408.

■ Plaintiff maintains that count VI states a cause of action under strict liability predicated on the theory that the forklift truck manufactured by defendant was a product which was unreasonably dangerous because of the failure to have an adequate warning on it informing against its use in close proximity to overhead electrical power lines. While acknowledging that the trial court granted summary judgment for defendant expressly relying upon the holding of our supreme court in *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, plaintiff argues that the factual situation in *Genaust* is distinguishable since the plaintiff in *Genaust* was an electrical contractor and could be expected to recognize, appreciate and understand the danger of possible electrical arcing between the electric power line and the metal pole he was raising. Plaintiff contends that the 19-year-old decedent was not an electrician and that such danger was not common knowledge to him. Thus, plaintiff argues, a duty to

warn him of the danger of electrocution under the facts alleged was created.

We do not believe *Genaust* can be read as narrowly as plaintiff contends. In determining that it was not objectively reasonable for the manufacturers and the seller of a tower and antenna to expect a user of the products to be injured when the products came in close proximity to power lines causing arcing, our supreme court stated:

> "As plaintiff admits, *the danger of electricity is common knowledge. Moreover, it is common knowledge that metal will conduct electricity.* Accordingly, it is not objectively reasonable to expect that a person, knowing the danger of electricity if metal should contact electrical wires, would attempt to install a metal tower and antenna in such close proximity to electrical wires. The fact that plaintiff's injury was the result of electricity arcing to the tower or the antenna rather than from actual contact with the wires is not controlling. The controlling fact is that it was not reasonably foreseeable a user would install the products in such proximity to electrical wires when the harsh consequences of the slightest mishap, which would cause the metal to contact the wires, are so obvious." (Emphasis added.) (62 Ill. 2d 456, 466, 343 N.E.2d 465, 471.)

Also, in holding that the doctrine of strict liability was not applicable to the facts plaintiff alleged, the court concluded that "a duty to warn is not required where the product is not defectively designed or manufactured, and where the possibility of injury results from a common propensity of the product which is open and obvious." 62 Ill. 2d 456, 467, 343 N.E.2d 465; see also *Hunt v. Blasius* (1979), 74 Ill. 2d 203, 211, 384 N.E.2d 368.

Plaintiff has not cited any case which under similar facts limits the *Genaust* holding to plaintiffs who are knowledgeable in electrical work. We conclude that the danger of electrical energy present under the facts is a matter of common knowledge to all persons of ordinary intelligence and experience and, as such, to the decedent. Thus, *Genaust* is controlling, and a duty to warn is not required under these facts.

■ Alternatively, plaintiff maintains that once the defendant manufacturer undertook to instruct in its operator's manual about the dangers of using the forklift near electrical lines, it voluntarily assumed the duty to exercise reasonable care and skill to give adequate warning, "readily noticeable and of such intensity and degree proportionate to the seriousness of the consequences which were likely or liable to be anticipated" and is "accountable to the plaintiff under the

Illinois principals [*sic*] of strict product liability." However, since plaintiff failed to plead this theory in her third amended complaint against defendant, the rule prohibiting the presentation of a new theory on appeal prohibits its consideration now. *Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 328, 431 N.E.2d 48; *Graves v. North Shore Gas Co.* (1981), 98 Ill. App. 3d 964, 970, 424 N.E.2d 1279; *Buck v. Alton Memorial Hospital* (1980), 86 Ill. App. 3d 347, 351, 407 N.E.2d 1067; *Sargent v. Illinois Institute of Technology* (1979), 78 Ill. App. 3d 117, 122, 397 N.E.2d 443.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.