DENNIS KENNEDY, Plaintiff-Appellant, v. JOSEPH T. RYERSON AND SONS, INC., a Division of Inland Steel Corporation, Defendant-Appellee.

First District (3rd Division)    No. 1—88—0778

Opinion filed May 3, 1989.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Flux-gold, of counsel), for appellant.

Sweeney & Riman, Ltd., of Chicago (Edward F. McGinnis, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Dennis Kennedy (Kennedy), appeals from the trial court's order granting summary judgment in favor of defendant, Joseph T. Ryerson & Sons, Inc. (Ryerson), in an action seeking recovery for personal injuries suffered when plaintiff fell from a loading dock owned by defendant. Plaintiff's two-count complaint alleged a violation of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, pars. 60 through 69) and negligence. The trial court granted summary judgment based on the pleadings, plaintiff's deposition testimony, and an affidavit filed by defendant.

For the reasons stated below, we affirm the judgment of the circuit court.

Plaintiff stated in his deposition that he was a truck driver. On April 14, 1981, around 10 a.m., plaintiff pulled his flatbed trailer truck into the loading dock area of the Ryerson plant in Chicago in order to pick up a load of steel. Plaintiff stated that he normally assists in the loading of the truck by checking the weight distribution and directing where the steel pieces are to be put on the trailer for safety and load distribution purposes. On the date of the incident, a crane operator and a laborer were assisting plaintiff in loading the trailer. They began loading the trailer around 1 p.m. and finished shortly after 6 p.m. Plaintiff stated that the overhead crane used for loading was on a rail that could move from east to west and north to south.

After the loading of the steel was completed, plaintiff started to secure the load. Securing the load involved hooking chains to rails on each side of the trailer and then tightening the chains to take up the slack. Plaintiff would tighten the chains by use of binders, which are like clasps that close when a lever is moved from side to side until it is in as tight a position as possible. Plaintiff's trailer was 42 feet long, and binders were spaced along the load every three to five feet from front to back. Before the accident occurred, plaintiff had tightened two or three binders, beginning from the part of the trailer closest to the cab. No one was assisting plaintiff in securing the binders.

Around 10 to 15 seconds prior to the accident, plaintiff saw the crane operator in his cab sweeping. Plaintiff also saw the "regular" pulleys hanging from the main hook on the crane. Plaintiff did not remember seeing a chain. During "the last second" plaintiff recalls prior to the accident, he was straightening up after tightening a binder and then saw a shiny object come out of his peripheral vision to his right, from a westerly direction. Plaintiff did not know what the object was and stated that he could only assume it was a chain. Plaintiff stated that he did not have "clear visual contact" with the object. Plaintiff then remembers staggering around in front of the truck. He believes that a security guard then helped him and he went to the hospital. Plaintiff does not recall falling off the truck or having any physical contact with anything between the time he saw the object in his peripheral vision and then staggering in front of the truck. Plaintiff's answers to defendant's written interrogatories indicate that, as a result of the incident, plaintiff sustained a skull fracture, contusions to his right shoulder and left thigh and an acute

strain and sprain to his cervical spine.

Defendant filed an affidavit of Narcisco Contreras, who stated that he was working at the Ryerson warehouse on April 14, 1981, and was present when the operator of a trailer fell from his truck. Contreras stated that at the time the man fell, he (the man) was tightening the chains securing a load of steel to his trailer and was using a pipe to tighten the chains. Contreras stated that as the man was tightening the chains the pipe came loose and the man fell. Further, Contreras stated that "at no time immediately prior to the gentleman falling from his trailer did any chain or any portion of or attachment to a crane come in contact with the gentleman."

On appeal plaintiff asserts that summary judgment was improperly granted since a question of fact exists as to whether plaintiff's fall and injuries were proximately caused by the movement of the cable or hook hanging from the crane owned by defendant. Plaintiff contends that the trial court erroneously relied solely on the affidavit of Contreras, whose statements contradict those of plaintiff. For instance, Contreras stated that plaintiff was in the act of tightening the chain when he fell and that plaintiff was using a pipe to tighten the chain. In contrast, plaintiff stated in his deposition that he was simply standing on the bed of the truck and was using the binder clamp to tighten the slack on the chain. The accident did not occur until plaintiff was in the process of straightening up. Further, plaintiff asserts that Contreras' statement that nothing struck plaintiff can be construed only as meaning that Contreras did not see anything strike plaintiff, in view of plaintiff's testimony that he saw an object coming towards him from his right side.

Plaintiff contends that under a motion for summary judgment, plaintiff's testimony must be taken as true. Plaintiff states that if his testimony is believed, then the incident could not have happened as described by Contreras. Plaintiff contends that the contradiction between his testimony and Contreras' affidavit presents a fact question for a jury. In addition, plaintiff asserts that the inference that the crane and hook or cable of the crane was moved by the crane operator and struck plaintiff in the head is "obvious" from the circumstantial evidence.

Defendant responds that Contreras' affidavit describes the accident itself, while plaintiff's deposition testimony describes his last recollection before the accident. The only evidence regarding how plaintiff fell, defendant contends, is the affidavit of Contreras, which shows that the accident was not caused by any conduct of defendant. Defendant also contends that plaintiff's attempt to challenge Con-

treras' ability to see the accident is unavailing, since Contreras' deposition was taken and his credibility was not impeached during the deposition or in any other manner by plaintiff.

Summary judgment is proper where the pleadings, depositions, admissions of record, and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Where a defendant moves for summary judgment, the plaintiff has an affirmative duty to present facts and evidence to establish the existence of a cognizable cause of action. (*McCormick v. Maplehurst Winter Sports, Ltd.* (1988), 166 Ill. App. 3d 93, 519 N.E.2d 469.) Summary judgment can be granted only where the right of the moving party is clear and free from doubt. However, where the pleadings, depositions, and other evidence before the court show that at trial a verdict would have to be directed, entry of summary judgment is proper. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328.

Plaintiff's action alleges negligence and violation of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, pars. 60 through 69). The Structural Work Act count alleges that defendant erected and constructed the crane in an unsuitable and unsafe manner and otherwise failed to provide adequate protection to plaintiff, who was likely to come within close proximity to the crane. The negligence count alleges that defendant caused and allowed steel chains to be suspended from chains in an unsafe manner. Plaintiff has failed to show, however, under either theory asserted in his complaint, in what manner the conduct of defendant caused his injury. Accordingly, we find that the trial court properly entered summary judgment.

In a negligence case, no liability exists unless the alleged negligence of the defendant is the legal cause of the plaintiff's injury. If the plaintiff fails to establish proximate cause, he has failed to establish a *prima facie* case and a directed verdict is proper. (*Kimbrough*, 92 Ill. App. 3d at 817.) Absent affirmative and positive proof of causation, a plaintiff fails to meet his burden of establishing the existence of a genuine issue of material fact. (*Waite v. Chicago Transit Authority* (1987), 157 Ill. App. 3d 616, 619, 510 N.E.2d 1176, 1178.) Proximate cause may be established by circumstantial evidence where an inference may reasonably be drawn from it. (*Waite*, 157 Ill. App. 3d at 619-20.) Liability, however, cannot be established where the cause of the injury is shown by surmise or conjecture. A plaintiff must plead and prove more than mere conclusions to withstand a motion for summary judgment. (*Waite*, 157 Ill.

App. 3d at 621.) Proximate cause can be shown only when there is a reasonable certainty that the defendant's acts caused the injury. *Kimbrough*, 92 Ill. App. 3d at 817.

The circumstantial evidence in the instant case, consisting of plaintiff's close proximity to the crane, the mobility of the crane, the presence of the crane operator, and plaintiff's testimony that he saw a shiny object come into his peripheral vision before the accident, supports the possibility that the crane may have struck plaintiff. The evidence fails, however, to establish a reasonable certainty, sufficient to support a *prima facie* case, that the crane struck plaintiff, causing him to fall.

█ Plaintiff stated in his deposition that he could not identify the object he saw through his peripheral vision. Further, plaintiff could not recall any physical contact with anything prior to the time he was staggering in front of the truck. Contreras' affidavit, on the other hand, indicates that Contreras witnessed the accident and saw plaintiff fall from the truck without having been struck by any object. Plaintiff did not present any evidence in reply to counter the statements of Contreras. We find that plaintiff failed to present sufficient facts to support his assertions regarding the conduct of the defendant and the cause of the accident. The record fails to support a reasonable inference that any alleged conduct by defendant was a proximate cause of plaintiff's injuries. Accordingly, we hold that defendant's motion for summary judgment was properly granted. See *Monaghan v. DePaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 489 N.E.2d 409.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

WHITE and CERDA, JJ., concur.