FATE McCULLOUGH, Plaintiff-Appellant, v. GALLAHER AND SPECK, Defendant-Appellee.

First District (3rd Division)   No. 1—92—2258

Opinion filed September 29, 1993.

Joseph P. Sorce, of Goldberg, Weisman & Cairo, Ltd., of Chicago, for appellant.

Karen E. Lundgren and James J. DesVeaux, both of Law Offices of James J. DesVeaux, of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

In this personal injury action arising from an accident on a manlift at a parking garage, plaintiff Fate McCullough appeals the trial court's order granting summary judgment to defendant Gallaher & Speck.

On appeal, plaintiff asserts that (1) numerous issues of material fact remain regarding the operation of a switch on the manlift so as to preclude the entry of summary judgment in favor of defendant; (2) the trial court erred in considering an issue which was not raised in defendant's summary judgment motion; and (3) the trial court improperly applied the directed verdict standard rather than the summary judgment standard.

We find that genuine issues of material fact exist so that summary judgment should have been denied. Thus we reverse in part on the is-

sues preserved on appeal and affirm in part the trial court's order granting summary judgment in favor of defendant.

Plaintiff was employed at a multilevel parking garage known as Tremont Auto Park at Lake and Dearborn Streets in Chicago. A manlift was used by the parking garage employees referred to as hikers to retrieve parked cars. A manlift is a vertical conveyor belt that operates continuously to transport car hikers to and from the various levels of the parking garage. To board the manlift, a hiker grabs onto a handle located on the manlift and steps onto a protruding step. When the manlift arrives at the desired floor, the hiker steps off the manlift which continues to move.

The split rail switch, also known as the step switch, is a safety device which operates to shut off the manlift when a rider is still standing on the manlift step after it has risen above the top floor. The split rail switch is only activated when weight bears on the manlift step at the designated location. A split rail switch is located on the manlift just above the top floor of the parking garage. If weight is exerted on the manlift as it passes this switch, the switch should automatically cause the manlift to stop.

On the night of January 4, 1985, plaintiff stepped off the manlift and his jacket then caught on something, causing him to be carried over the top of the manlift. Upon release from the manlift, plaintiff landed on the opposite side of the platform and sustained injuries. No one witnessed this accident so there are no other accounts of the incident.

Plaintiff filed an eight-count first amended complaint against several defendants. Following various rulings by the trial court, the sole remaining defendant is Gallaher & Speck, the present defendant on appeal.

At all relevant times, defendant was in the business of installing, servicing, inspecting and repairing manlifts. Defendant installed the manlift at the parking garage about November of 1960 or in 1961 and at all times thereafter maintained it pursuant to a service contract with Tremont Auto Park.

Plaintiff alleged in his first amended complaint that defendant had failed to inspect the manlift, allowed the emergency stop cord to remain in a nonfunctional state, failed to provide a grab bar or safety net, permitted the treads to wear on the steps and failed to warn plaintiff of the dangerous condition of the manlift or to provide plaintiff with adequate supervision and instructions. Additionally, plaintiff alleged that defendant "failed to properly operate and maintain the upper split rail switch safety device in functional working order."

Although some of these issues were raised initially on appeal, plaintiff, in his appellate brief, only advances arguments regarding the split rail switch. Accordingly, he has waived consideration of any other allegations or issues under Supreme Court Rule 341(e)(7). (134 Ill. 2d R. 341(e)(7).) Rule 341(e)(7) provides:

"(7) *** Points not argued [in appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."

In addition to the parties' pleadings, the record includes the depositions of plaintiff, Jerry Hill (the former day manager of the parking garage), Morton Siet (the former general manager of the parking garage), Leonard Tamras (an elevator maintenance man for defendant), and Robert Zemar (a maintenance supervisor for defendant). The record also contains a nine-page excerpt from the deposition of plaintiff's expert, Ronald Lobodzinski, but this court's use or consideration of these excerpts is disputed.

The deposition testimony reveals that the step switch sometimes was rendered inoperable either by icing problems or by manually overriding the function of the switch. Ice sometimes accumulated on the step switch, causing the switch to become inoperable, and then the parking garage employees would use a large heater to melt the ice to reactivate the step switch.

In his deposition, plaintiff stated that he was employed as a hiker and cashier by the parking garage for at least two years before the accident. In recounting the events of the accident, plaintiff testified that, while alone, he stepped onto the manlift to ride to another floor and when he arrived at the desired floor, stepped off the manlift with both feet on the floor. The front right side of his jacket then caught on something that pulled him up. Plaintiff stated that his feet were not on the step of the manlift. Plaintiff went over the top of the machine and then fell to the same floor he had sought to step off, landing on both legs approximately one inch from the manlift. The manlift continued to run. Plaintiff cannot precisely describe what snared his jacket and cannot state if it was the manlift itself or something else.

Defendant filed a motion for summary judgment asserting in relevant part that the proximate cause of plaintiff's injuries was not the alleged malfunctioning of the split rail switch or the alleged negligence on the part of defendant in inspecting the manlift. Defendant argued that no evidence was presented that the weight of plaintiff was on the manlift step so any malfunction of the split rail switch could not have been proved to be the proximate cause of plaintiff's injuries. In addition, defendant maintained that no circumstantial evi-

dence sufficient to show that the step caught the plaintiff's jacket was provided. Thus, defendant contended that the evidentiary conclusion that the alleged defect in the split rail switch caused plaintiff's injuries would require pure speculation, surmise and conjecture.

In his response to defendant's motion for summary judgment, plaintiff argued that the evidence does not merely imply possibilities but strongly suggests that the only part of the manlift that could have snared, lifted and carried plaintiff was the step platform. Plaintiff attached his affidavit in which he attested that when he stepped off the manlift on the top floor landing, he was about six inches from the steps of the manlift when his jacket hooked on something and he was carried up and over the top of the manlift by his jacket. Although he could not see exactly what snared his jacket, plaintiff stated that the edges of the manlift steps were at least 15 inches closer to him than any other moving part of the manlift and his "jacket was not stuck or otherwise caught in the belts or gears of the manlift." The manlift steps are double-tiered metal platforms with sharp, squared edges and are at least 15 inches in depth. Plaintiff then declared that "the only moving part that could have snared my jacket was the upward moving step of the manlift."

Plaintiff suggests that his affidavit and the circumstances surrounding the accident created an issue of material fact as to whether defendant maintained the split rail switch in working order because weight on the manlift step is designed to trigger the split rail switch to shut off the manlift.

In its reply to plaintiff's response to its motion for summary judgment, defendant asked the trial court to strike plaintiff's affidavit as directly contradictory to his prior deposition testimony. The trial court, however, never ruled on this issue.

Defendant also contended that plaintiff failed to meet his burden of making a *prima facie* case of negligence because he failed to show that the split rail switch was the proximate cause of plaintiff's injuries. Defendant argued that absent plaintiff's affidavit, plaintiff failed to provide any evidence that he was carried over the manlift by one of the steps. Alternatively, if plaintiff's affidavit was considered, the evidence relating to the proximity of plaintiff to the alleged defect is not sufficient and too ambiguous upon which to predicate proximate cause.

On April 21, 1992, the trial court granted summary judgment for defendant, finding that defendant had no duty to provide the manlift with a grab bar, safety net or other such device, to warn plaintiff, or to provide plaintiff with adequate supervision, instructions or direc-

tions. The trial court also found that the allegations regarding the nonslip treads and the emergency stop cord had no basis in fact and plaintiff failed to raise any issue of fact as to such allegations. Lastly the trial court found

"that no triable issue of fact exists as to the maintenance of the step switch and any argument or inferences regarding such step switch are too remote, speculative and conjectural to allow submission to the trier of fact."

Thereafter the trial court denied plaintiff's motion to reconsider and plaintiff filed this appeal.

On appeal, plaintiff relies on his deposition testimony, his affidavit and the deposition testimony of his expert (Ron Lobodzinski).

Plaintiff theorizes that weight was exerted on the step of the manlift either by plaintiff standing on the step or by plaintiff being pulled up when his jacket caught on the step. Regardless of how the weight was brought to bear on the step, the weight alone was sufficient to activate the split rail switch which then should have turned off the manlift. Accordingly, if defendant had maintained the split rail switch in proper working order, then the manlift would have shut off and the accident would not have occurred.

In response, defendant raises the threshold question of whether this court should (1) strike plaintiff's affidavit because it directly contradicts his earlier deposition testimony, and (2) disregard the portion of plaintiff's expert testimony included in the record and referred to in plaintiff's brief because it was not before the trial court when it granted summary judgment.

■ An alleged error is not preserved for review if the trial court fails to rule upon it. (*Watson v. City of Chicago* (1984), 124 Ill. App. 3d 348, 354, 464 N.E.2d 1100.) The record reveals and defendant admits that no ruling on its argument to strike plaintiff's affidavit was made by the trial court. Accordingly, we find that defendant has waived any objection to plaintiff's affidavit because it failed to obtain a ruling on this issue. *King v. Linemaster Switch Corp.* (1992), 238 Ill. App. 3d 729, 731, 606 N.E.2d 584; *Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 1088, 517 N.E.2d 324.

■ We next consider the use of excerpts of the deposition testimony of plaintiff's expert Ronald Lobodzinski, a physical engineer employed with Forensic Engineering, Inc.

On November 14, 1990, the deposition of Lobodzinski was taken. On April 21, 1992, the trial court entered its order granting summary judgment to defendant. On May 18, 1992, plaintiff filed a motion to reconsider the grant of summary judgment and attached to this mo-

tion excerpts from Lobodzinski's deposition. The only portion of Lobodzinski's deposition transcript included in the record is the nine-page excerpt attached to plaintiff's motion for reconsideration.

On June 5, 1992, a hearing was held on plaintiff's motion to reconsider. At that time plaintiff's counsel specifically asked the trial court to address the additional evidentiary material, *i.e.*, the excerpts from Lobodzinski's deposition. The trial court responded as follows:

> "The Court ruled [on the summary judgment motion] based upon what it had before it at that time, and that's the only way the Court can rule. The Court is of the view that additional evidenciary [*sic*] matters are not appropriate for the Court to consider."

Although plaintiff, not defendant, instigated the trial court's ruling on the use of Lobodzinski's deposition, the resultant ruling is nonetheless on the record. Accordingly, unlike defendant's objection to the use of plaintiff's affidavit, the issue of Lobodzinski's deposition has not been waived for failure to obtain a ruling by the trial court. However, plaintiff did not appeal the trial court's decision to disregard Lobodzinski's deposition.

The scope of appellate review of a summary judgment motion is limited to the record as it existed at the time the trial court ruled. *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.* (1992), 226 Ill. App. 3d 507, 509-10, 589 N.E.2d 1034 ("upon appellate review of a summary judgment ruling the appellant may only refer to the record as it existed at the time the trial court ruled, outline the arguments made at that time, and explain why the trial court erred in granting summary judgment").

Moreover, at the time the trial court considered defendant's summary judgment motion, the trial court could not have accepted or considered Lobodzinski's deposition because it was not then on file. *Miscevich v. Commonwealth Edison Co.* (1982), 110 Ill. App. 3d 400, 403, 442 N.E.2d 338 ("supporting materials such as *** references to depositions not on file *** should not be accepted or considered by the trial court" when determining a summary judgment motion).

Furthermore, a trial court is not required to consider documents attached to a plaintiff's motion for reconsideration of a summary judgment ruling where the plaintiff had failed to file the documents in his response to the defendant's motion for summary judgment. (*Napoli v. Hinsdale Hospital* (1991), 213 Ill. App. 3d 382, 390, 572 N.E.2d 995 (affidavit attached to the plaintiff's motion for reconsideration of a summary judgment order was not filed in a timely manner and need not be considered).) In the present case, the excerpts from

Lobodzinski's deposition were first filed as an attachment to plaintiff's motion for reconsideration and thus need not be considered by the trial court at that time.

For all the foregoing reasons, we will disregard the improper references in plaintiff's appellate brief to the deposition testimony of Lobodzinski and the excerpts of the deposition included in the record.

In light of our conclusions to consider plaintiff's affidavit and to disregard the excerpts of Lobodzinski's deposition, we next consider the propriety of the summary judgment order.

The *de novo* standard of review applies where an appellate court is faced with an appeal involving the propriety of summary judgment. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204; *Demos v. National Bank of Greece* (1991), 209 Ill. App. 3d 655, 659, 567 N.E.2d 1083.) The duty of a reviewing court is not to judge the strength of the evidence or to weigh the credentials, credibility and testimony of one deponent against another. *Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 293, 560 N.E.2d 586.

Summary judgment is proper when the pleadings, depositions and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) A court cannot decide factual disputes as a matter of law. *Gatlin*, 137 Ill. 2d at 294.

Only when the right of the movant is clear and free from doubt should summary judgment be allowed because it is a drastic means of disposing of litigation. (*Gatlin*, 137 Ill. 2d at 293; *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358, 543 N.E.2d 1304.) When deciding a summary judgment motion, the court must construe the evidence strictly against the movant and liberally in favor of the opponent. *Gatlin*, 137 Ill. 2d at 293; *Pyne*, 129 Ill. 2d at 358.

■ A summary judgment proceeding is not a mini-trial (*Hall v. Stamm* (1991), 208 Ill. App. 3d 83, 85, 566 N.E.2d 995) and thus a plaintiff need not prove his entire case at the summary judgment stage (*March v. Miller-Jesser, Inc.* (1990), 202 Ill. App. 3d 148, 159, 559 N.E.2d 844). However, in a negligence action like the present case, the plaintiff must establish the necessary element of proximate cause, otherwise the plaintiff has not sustained his burden of making a *prima facie* case and summary judgment would be proper. *Kennedy v. Joseph T. Ryerson & Sons, Inc.* (1989), 182 Ill. App. 3d 914, 918, 538 N.E.2d 748; *Rutter v. Gemmer* (1987), 153 Ill. App. 3d 586, 593, 505 N.E.2d 1308; *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817, 416 N.E.2d 328.

Proximate cause can be sufficiently established by circumstantial evidence when an inference may reasonably be drawn from it. (*Mort v. Walter* (1983), 98 Ill. 2d 391, 396, 457 N.E.2d 18; *Kennedy*, 182 Ill. App. 3d at 918.) In fact, circumstantial evidence is "often more satisfactory than direct evidence." *Pyne*, 129 Ill. 2d at 369, quoting 2 S. Gard, Illinois Evidence Manual Rule 26:04 (2d ed. 1979).

Circumstantial evidence has been defined as "the proof of certain facts and circumstances from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind." *Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 33, 468 N.E.2d 422.

To be sufficient in a civil action, circumstantial evidence need not exclude all other possible inferences. (*Pyne*, 129 Ill. 2d at 369.) The use of circumstantial evidence is not restricted to instances where the circumstances support only one logical conclusion. *Mort*, 98 Ill. 2d at 396; *Darrough v. Glendale Heights Community Hospital* (1992), 234 Ill. App. 3d 1055, 1061, 600 N.E.2d 1248.

Since proximate cause can only be established where there is a reasonable certainty that the defendant's acts caused the injury, the circumstances of the case must justify an inference of probability, not mere possibility. (See *Pyne*, 129 Ill. 2d at 369; *Salinas v. Werton* (1987), 161 Ill. App. 3d 510, 515, 515 N.E.2d 142.) All reasonable inferences must be drawn in favor of the nonmoving party. *Delaney Electric Co. v. Schiessle* (1992), 235 Ill. App. 3d 258, 263, 601 N.E.2d 978.

In the summary judgment order in the case at bar, the trial court found "that no triable issue of fact exists as to the maintenance of the step switch and any argument or inferences regarding such steps are too remote, speculative and conjectural to allow submission to the trier of fact." We disagree.

■ We believe that the record adequately establishes triable issues of fact by circumstantial evidence to demonstrate a causal connection between defendant's alleged negligence regarding the split rail switch and plaintiff's injuries. Two steps protruded from the manlift. There is no dispute that weight exerted on the step at the point where the upper split rail switch is located should trigger the switch to shut off the manlift automatically. Defendant specifically conceded at oral argument that there was sufficient evidence to raise a question of fact as to whether the switch was frozen at the time of the accident in January. Defendant was expressly asked during oral argument whether there was "sufficient evidence here to raise a question of fact as to whether the machination was frozen as he [plaintiff]

said? That whatever it was that was supposed to cause it [the split rail switch] to function was frozen?'' In response, defendant stated ''[o]ur position was that we conceded that.'' The accident occurred as plaintiff stepped off the manlift. Plaintiff's jacket snared on some part of the manlift because the manlift raised him up by his jacket and carried him over the top of the manlift until plaintiff was eventually released. Although defendant submits that plaintiff's jacket could have caught on the manlift's gears or belts, the manlift operates like a conveyor and does not have gears. The belts are flat and smooth. Keeping in mind that more than one logical conclusion can exist from circumstantial evidence to withstand a summary judgment motion, we find that the problable inferences which may reasonably be drawn from these circumstances adequately establish the element of proximate cause to raise an issue of material fact with regard to defendant's negligence as to whether defendant maintained the split rail switch in working order.

We note that summary judgment in favor of Gallaher & Speck was recently affirmed in a case involving the death of a man whose body was discovered at the bottom of the pit of the elevator, i.e., beneath the first-floor landing. (*Leavitt v. Farwell Tower Ltd. Partnership* (1993), 252 Ill. App. 3d 260.) The plaintiff in *Leavitt* brought a negligence action against Gallaher & Speck because it was under contract to maintain and repair the building's elevator. The plaintiff argued that the lack of automatic door closure devices known as spirators probably caused the decedent to enter the elevator shaft in the mistaken belief that the elevator was present. Gallaher & Speck countered that the decedent could have slipped into the elevator shaft, fallen while reaching into the shaft, jumped or run into the shaft, or forced the elevator doors open himself. The appellate court concluded, and we agree, that these scenarios offered by the *Leavitt* parties, unlike the facts in the instant case, provide nothing more than speculation for a trier of fact.

In light of our conclusion that summary judgment was improperly entered in favor of defendant, we need not address the two remaining issues, i.e., whether the trial court improperly considered an issue not raised in defendant's summary judgment motion and applied a directed verdict standard in deciding the motion. Moreover, in determining on appeal whether judgment was correctly entered for the moving party, we are not restricted to the exact reasons stated or implied by the trial court in entering its summary judgment order. (*Kirnbauer v. Cook County Forest Preserve District* (1991), 215 Ill. App. 3d 1013, 1016, 576 N.E.2d 168; see also *Material Service Corp.*

*v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9 ("[i]t is the judgment and not what else may have been said by the lower court that is on appeal to a court of review").) Furthermore, a directed verdict standard can be used in considering a summary judgment motion where the evidence before the trial court shows that a verdict at trial would have to be directed. *Pyne,* 129 Ill. 2d at 358; *Wilson v. Bell Fuels, Inc.* (1991), 214 Ill. App. 3d 868, 872, 574 N.E.2d 200; *N.W. v. Amalgamated Trust & Savings Bank* (1990), 196 Ill. App. 3d 1066, 1076, 554 N.E.2d 629.

For all the foregoing reasons, we reverse the summary judgment order as it relates to the issue of the split rail switch and affirm the order as to the remaining issues which have been waived by plaintiff.

Affirmed in part; reversed in part and remanded.

RIZZI and CERDA, JJ., concur.