JOHN KANE, Plaintiff-Appellant, v. R.D. WERNER COMPANY, INC., Defendant-Appellee.

First District (4th Division)   No. 1—94—1631

Opinion filed October 19, 1995.—Rehearing denied November 16, 1995.

Magiera & Morrissey, P.C., of Chicago (Matthew J. Morrissey, of counsel), for appellant.

Tribler & Orpett, P.C., of Chicago (Mitchell A. Orpett and Michael J. Meyer, of counsel), for appellee.

JUSTICE S. O'BRIEN delivered the opinion of the court:

Plaintiff, John Kane, was a building custodian at the Ridge Lawn School. On October 9, 1987, while climbing an extension ladder in the school gymnasium, plaintiff fell and injured himself. There were no witnesses to the fall, nor could plaintiff remember how he fell from the ladder. Later, plaintiff brought an action against defendant R.D. Werner Company, the manufacturer of the ladder, alleging defendant failed to give adequate warnings as to the dangerous propensities of the ladder and the safe and proper use of the ladder. In support of the complaint, plaintiff filed an affidavit from Lloyd Sonenthal, a professional engineer. Sonenthal stated in the affidavit that after examining the rubber feet of the ladder, the gymnasium floor, and certain photographs and written materials, he believed the

rubber feet of the ladder slipped on the floor of the gymnasium, causing the ladder and plaintiff to fall to the floor. Sonenthal also thought the warning labels attached to the ladder were inadequate because (a) they did not warn that the rubber feet would wear out over time, (b) they did not inform the user how to replace the feet, (c) they recommended that the ladder be set up in a manner that resulted in an angle four degrees less than the angle required to prevent the ladder from slipping, and (d) they were not in conformance with the 1956 American Standards Association standard pertaining to the proper angle of erection of extension ladders. Defendant moved for summary judgment, arguing that plaintiff admitted in his deposition testimony he never read the warning labels attached to the ladder and therefore the alleged inadequacies of those warnings were not the proximate cause of plaintiff's injuries. The trial court granted defendant's motion for summary judgment, and plaintiff appeals. We affirm.

We have not previously addressed whether a plaintiff can maintain a product liability action premised on a failure-to-adequately-warn theory when plaintiff admittedly never read the warnings that were given. After examining cases from other jurisdictions, we find the analysis in *E.R. Squibb & Sons, Inc. v. Cox* (Ala. 1985), 477 So. 2d 963, to be persuasive. In *Squibb*, plaintiff alleged that defendant failed to provide adequate warning of the consequences of taking R-U-100 insulin instead of N-U-100 insulin. The Alabama Supreme Court found that no warning defendant could have given would have made any difference, because plaintiff never read the warning actually given. (*Squibb*, 477 So. 2d at 970.) The court then stated:

> "We contrast the instant facts with a situation where a plaintiff cannot read and alleges that the written warning is inadequate for failure to include symbols, *see e.g.*, *Hubbard-Hall Chemical Co. v. Silverman*, 340 F.2d 402 (1st Cir. 1965) (affirming judgment against manufacturer of crop dusting chemicals in negligent-failure-to-warn action for death of two non-English reading Puerto Ricans where label on chemical container did not display skull and crossbones symbol in addition to written warning); or a situation where plaintiff alleges that the warning is inadequate with respect to prominence, *see e.g.*, *Spruill v. Boyle-Midway, Inc.*, 308 F.2d 79, 87 (4th Cir. 1962) (affirming judgment against manufacturer of furniture polish in negligent-failure-to-adequately-warn action for death of a 14-month-old child where mother did not read warning on furniture polish bottle, but warning was 'not calculated to attract the user's attention, due to its position, size, and ... coloring').
>
> In either of the above situations, the very nature of the alleged

breach is such that it causes a potential plaintiff to fail to read the warning which causes his injury. The warning might even be perfectly adequate with respect to wording, so that if a potential plaintiff read it he would appreciate the product's particular danger, alter his conduct accordingly, and not be injured. But, in the situations we describe above, the warnings are potentially inadequate because they are presented in a manner that prevents a consumer from reading them and being warned.

*** [N]othing in the nature of Squibb's inadequate warning prevented plaintiff from reading it. Plaintiff could have read this allegedly inadequate, unspecific warning as easily as he could have read an adequate, specific warning. And, no amount of specificity would have protected this plaintiff, because he would not have read a warning. Thus, the presumed inadequacy of Squibb's warning did not proximately cause plaintiff's injury." *Squibb*, 477 So. 2d at 970-71.

■ The reasoning in *Squibb* is sound, and we agree with the court's holding that "a plaintiff who does not read an allegedly inadequate warning cannot maintain a negligent-failure-to-warn action unless the nature of the alleged inadequacy is such that it prevents him from reading it." *Squibb*, 477 So. 2d at 971. See also *Hurt v. Coyne Cylinder Co.* (6th Cir. 1992), 956 F.2d 1319, 1329 (under Tennessee law, adequacy of warning is jury question, but where there is no evidence that plaintiff read the warning, or that inadequacy of the warning was the cause of plaintiff's failure to read the warning, causation has not been shown); *Stanley Industries, Inc. v. W.M. Barr & Co.* (S.D. Fla. 1992), 784 F. Supp. 1570 (failure to read the warning label extinguishes proximate cause unless the reasons for the failure to read coincide with the alleged inadequacies of the warning).

■ In the present case, plaintiff John Kane does not argue that the alleged inadequacies of the warning labels attached to the ladder prevented him from reading them. Plaintiff's argument is that the *content* of the warning labels was inadequate. However, since plaintiff failed to read the warning labels, the alleged inadequate content of those warnings could not have proximately caused his injuries, and the trial court properly granted summary judgment for defendant. See *McCullough v. Gallaher & Speck* (1993), 254 Ill. App. 3d 941, 627 N.E.2d 202 (in a negligence action, plaintiff must establish the necessary element of proximate cause, otherwise plaintiff has not sustained his burden of making a *prima facie* case and summary judgment is proper).

Affirmed.

HOFFMAN, P.J., and THEIS, J., concur.