FIRST DIVISION
 MAY 12, 1997 









Nos. 1--95--1035)
 1--95--1180) (Consolidated)


DORLY McCRAW and RAYMOND McCRAW, ) APPEAL FROM THE
 ) CIRCUIT COURT OF
 Plaintiffs-Appellants, ) COOK COUNTY.
 )
v. )
 )
JAN CEGIELSKI, LYNN SNOW and )
SNOW BROTHERS, INC., ) HONORABLE
 ) PADDY MCNAMARA,
 Defendants-Appellees. ) PRESIDING.

 
 JUSTICE BRADEN delivered the opinion of the court:
 Plaintiffs, Dorly and Raymond McCraw, filed a negligence
action in the circuit court of Cook County against defendants, Lynn
Snow, Snow Brothers Inc., and Jan Cegielski. After a jury trial,
60% liability was apportioned to Lynn Snow and Snow Brothers, Inc.,
and 40% liability, based upon a contributory negligence finding,
was apportioned to plaintiffs. There was no liability assessed
against Jan Cegielski.
 Plaintiffs, Dorly and Raymond McCraw, appeal contending that
the trial court erroneously denied their motion for judgment
notwithstanding the verdict (JNOV) on the contributory negligence
finding. Defendants, Lynn Snow and Snow Brothers, Inc., maintain
that (1) they were entitled to JNOV; and (2) their motion for a new
trial was improperly denied.
 At about 5:30 a.m. on the morning of March 30, 1988,
plaintiffs, Jan Cegielski and Lynn Snow were driving on Mannheim
Road in Franklin Park, Illinois. Plaintiffs and Snow were
traveling northbound and Jan was traveling southbound. All three
vehicles approached a six-lane bridge at about the same time. The
northbound and southbound lanes were separated by a concrete median
approximately one foot high and three feet wide.
 As he ascended the bridge, Jan lost control of his car and
part of the car hit the concrete median and crossed over into the
left lane of the northbound traffic. Plaintiffs were traveling
northbound in the left lane. As plaintiffs ascended the bridge,
they were unable to see Jan's car hanging over the median into
their lane. Plaintiffs were traveling within the speed limit, at
about 35 or 40 miles per hour when their vehicle struck that of
Jan.
 Snow was also driving northbound on the bridge in the right-
hand lane about two or three car-lengths behind plaintiffs' car.
The impact of the collision between plaintiffs' car and Jan's car
caused plaintiffs' car to slide across the road, hitting Snow's
car. The rear portion of plaintiffs' car hit the left-front
portion of Snow's car.
 After a jury trial, plaintiffs were awarded $743,000 in
damages which was reduced by 40% due to a contributory negligence
finding. The jury found that Snow followed the plaintiffs' vehicle
too closely and failed to avoid colliding with the plaintiffs' car. 
The liability of Snow was assessed at 60%. No liability was
assessed against Jan. Plaintiffs and Snow appeal.
 THE SNOW APPEAL
 The Snow defendants posit that they were erroneously found
negligent and that their JNOV motion should have been granted. The
negligence allegations against Lynn Snow were that he (1) followed
plaintiffs' vehicle too closely; and (2) failed to prevent
colliding with plaintiffs' car.
 Although sparse evidence may exist to favor the verdict, a
JNOV is properly entered where the evidence, when viewed in a light
most favorable to the party seeking the verdict, so overwhelmingly
supports the movant that no contrary verdict could ever stand.
Pedrick v. Peoria & Eastern R.R. Co., 37 Ill. 2d 494, 229 N.E.2d
504 (1967); Maple v. Gustafson, 151 Ill. 2d 445, 603 N.E.2d 508
(1992).
 To sufficiently demonstrate negligence, a plaintiff must
establish a duty owed by the defendant to the plaintiff, a breach
of that duty and an injury proximately caused by that breach of
duty. Turner v. Roesner, 193 Ill. App. 3d 482, 549 N.E.2d 1287
(1990). Duty is a legal obligation to adhere one's behavior to a
particular standard for the benefit or protection of another. 
Yager v. Illinois Bell Telephone Co., 281 Ill. App. 3d 903, 667
N.E.2d 1088 (1996)
 Proximate cause requires the plaintiff to show that the
defendant's negligence was (1) the actual cause or the cause in
fact of his injury, i.e., but for the defendant's conduct, the
accident would not have occurred; and (2) the legal cause of his
injury, i.e., the defendant's conduct was so closely tied to the
plaintiff's injury that he should be held legally responsible for
it. Laird v. Baxter Health Care Co., 272 Ill. App. 3d 280, 650
N.E.2d 215 (1994). Circumstantial evidence is sufficient to
establish probable cause if there is a reasonable inference that
can be drawn from it. McCullough v. Gallaher & Speck, 254 Ill.
App. 3d 941, 627 N.E.2d 202 (1993). The issue of a breach of duty
and proximate cause are within the province of the trier of fact. 
Turner, 193 Ill. App. 3d at 488, 549 N.E.2d at 1291.
 A driver must exercise due care to avoid a collision on the
wrong side of the road. Turner v. Roesner, 193 Ill. App. 3d 482,
549 N.E.2d 1287 (1990). When a vehicle suddenly swerves into
another driver's lane and an impact occurs within seconds, it
cannot be reasonably inferred that the driver whose right-of-way
was violated acted negligently. Mitchell v. Ralston, 130 Ill. App.
2d 759, 266 N.E.2d 424 (1971). A driver confronted with an
emergency situation is not expected to behave with the same
composure and judgment as would be required in circumstances where
imminent danger is not involved. McCullough's Estate v. McTavish,
62 Iii. App. 3d 1041, 379 N.E.2d 890 (1978). In such situations,
the driver's conduct is evaluated in accordance with what a
reasonable person would be likely to do under similar
circumstances, not hindsight. Lesperance v. Wolff, 79 Ill. App. 3d
136, 398 N.E.2d 360 (1979).
 After examining the record in this case, it is impossible to
conclude that the jury's verdict comported with the evidence
presented. There is much information about this accident that is
unknown and understandably so considering its nature and the split-
second timing involved. Nevertheless, in piecing together the
known evidence, a construct of the occurrence can be created. On
a dark morning at about 5:30 a.m., plaintiffs were ascending a
bridge on Mannheim Road in the left, northbound lane and they were
unable to see what was just over the top of the steep bridge.
 Jan was traveling southbound on the same bridge in the lane
closest to the northbound lanes. The northbound and southbound
lanes were separated by a concrete median about a foot tall and
three feet wide. Jan lost control of his vehicle at the top of the
bridge, sending it partially over the median. Part of Jan's car
was hanging over into plaintiffs' northbound lane.
 About two seconds after Jan lost control of his car, plain-
tiffs, unable to see Jan's car until they were "right on it,"
struck the car. Plaintiffs' vehicle then rotated counterclockwise
across the center lane of the three lane northbound traffic,
hitting the left front corner of Snow's vehicle. Snow testified
that he was traveling in the right lane of the northbound traffic
and was about two to three car lengths behind plaintiffs. He
estimated that the collision between his car and plaintiffs'
vehicle occurred in a matter of seconds. The rear portion of
plaintiffs' vehicle sustained damage and the left front part of
Snow's car was damaged.
 Dorly has a scant recollection of the events immediately prior
to the incident, but remembers seeing headlights in her rear view
mirror from a car that she believes was tailgating her. She does
not recall the time span between her observance of the car in her
mirror and the accident. She also does not recall the distance
between her car and the car that was allegedly tailgating her. 
When the accident occurred, there were about two or three cars
traveling northbound on the bridge in addition to Snow's and
plaintiffs'. Dorly's testimony about tailgating is somewhat
supported by the photographs of her vehicle after the accident
which evince damage to the rear end of her car. Jan testified that
he did not see a car in the left lane behind Dorly prior to the
collision.
 Plaintiffs hired an "Accident Reconstructionist," Thaddeus
Aycock, to piece together the details of the accident. He
concluded that plaintiffs' car struck Jan's car in the left,
northbound lane of the bridge. Plaintiffs' car then spun
counterclockwise and hit Snow's car in the center lane. Although
Snow contends that he was in the right lane, Aycock posits that
only a portion of Snow's car was in the right lane at the point of
impact. Based upon his evaluation of the photographs, the police
reports, and the depositions he examined, Aycock discovered no
evidence of Snow's tailgating plaintiffs. Moreover, there is no
evidence that Snow was ever in the left lane. If Dorly was in fact
tailgated, we cannot conclude that it was by Snow.
 The jury was presented with the foregoing evidence but found
that Snow was following too closely behind plaintiffs' car and that
he failed to take evasive action to avoid the collision. On its
face these findings are inexplicable, as asserted by the Snow
defendants' counsel during argument on their motion for a new
trial. The explanation for the findings appears to lie in the
veracity and demeanor of Snow.
 When shown the pictures of the damaged station wagon he was
driving at the time of the accident, Snow could not say if the
pictured car was the one he was driving. He explained that the
station wagon was a company car and that after the accident, he
only saw the car after it was repaired. He further said that he
was unaware of the existence of the photographs of the vehicle
until days before the trial when they were shown to him. He could
not unequivocally say that the car in the picture was the car he
was driving at the time of the accident.
 Snow also expressed uncertainty when questioned about the lane
in which he was traveling when the accident occurred: he said he
thought he was in the right lane. Aycock said that the collision
occurred in the center lane. Notwithstanding this inconsistency,
there is neither direct nor circumstantial evidence of Snow's
negligence.
 Although the jury evidently dismissed the testimony of Snow,
it still had no evidence upon which to base a finding of his
tailgating or failing to prevent the accident. As elucidated,
there is no evidence that Snow was tailgating; all of the evidence
bolsters Aycock's and Snow's version of events. Regarding the
avoidance of the collision, the law is clear and well established. 
Plaintiffs must prove duty, breach of duty, and that the breach was
the proximate cause of the sustained injury. It is uncontested
that Snow was not speeding and there is no evidence that his
conduct, in any manner, failed to conform to the duty of care he
owed to other motorists.
 More than a sudden swerve into his lane is required to find
that a defendant was negligent, but this is all we have here. The
law does not require a defendant to take evasive action when
confronted with a situation in which he has mere seconds to react. 
It only mandates that he act prudently under the circumstances. 
There is no evidence that Snow acted unreasonably. He testified
that plaintiffs' car instantly hit his car and that he had no time
to take measures to prevent the collision.
 The jury's determination of negligence is properly reversed
when a court of review finds that the jury surrendered the domain
of permissible inferences and speculated in finding that the
defendants conduct was a proximate cause of the plaintiff's 
injury. Walling v. Linglebach, 65 Ill. 2d 244, 357 N.E.2d 530
(1976). As there was no direct or circumstantial evidence
supporting either Snow's tailgating or his failure to avoid the
accident while in a position to do so, we find that, viewed in a
light most favorable to the Snow defendants, the jury's verdict was
not supported by the evidence. Snow raises an additional issue on
appeal which is unnecessary for this court to address due to the
above finding.
 THE McCRAW APPEAL
 Although it is rendered moot by our foregoing finding, we will
address this issue simply to illuminate the unreasonableness of the
jury's verdict. Citing Eckel v. O'Keefe, 254 Ill. App. 3d 702, 627
N.E.2d 166 (1993), plaintiffs solely contend that Dorly McCraw was
improperly found to be comparatively negligent because no liability
can be assessed on a motorist who collides with a vehicle that
crossed the center line of a roadway seconds before impact. Eckel
involved circumstances similar to those presented in this case.
 In Eckel, the defendant's car crossed the center line and hit
the plaintiff's car. The jury found the plaintiff 40%
contributorily negligent and this court found that this finding was
against the manifest weight of the evidence and remanded the case
with instructions for the trial court to enter the full judgment
against defendant, disregarding the prior allocation to the
plaintiff. Specifically, the court found that the defendant's
evidence failed to refute the conclusion that the accident was
proximately caused by defendant's negligence alone.
 This case is not applicable to any decision this court must
make. As discussed in the context of Snow's conduct, a sudden
swerve into the right-of-way of a driver doesn't necessarily mean
that the infringed upon driver was negligent. Ironically
comparable to the circumstances with which Snow was faced, Dorly
was presented with a situation where she had seconds far too sparse
to permit the taking of evasive action. She could not employ
evasive measures in this circumstance and the law does not require
that she do so.
 All of the evidence supports Dorly's acting with due care;
there is no evidence that she failed to exercise a proper lookout
or proper control over her vehicle. Similarly to our finding
regarding Snow, we conclude that the jury's determination of
Dorly's contributory negligence was against the manifest weight of
the evidence as there is no evidence from which the jury could have
reasonably found her negligent.
 For the aforementioned reasons, the judgment of the circuit
court of Cook County is reversed.
 Reversed.
 CAMPBELL, P.J., concurs.
 WOLFSON, J., specially concurring.
 JUSTICE WOLFSON, specially concurring:
 I agree that the judgment against Snow should not stand. There
is no evidence to support it. The jury must have guessed or
speculated to reach its verdict. I do not join the majority
opinion because I do not share its view of the facts. I have read
the record and I don't know what the facts are. That, of course,
is the problem with the jury's verdict. The plaintiff had the
burden of proof, albeit a preponderance burden, and it was not met.
 Since we are entering a judgment for the defendant, I do not
see the need to discuss whether Dorly McCraw was comparatively
negligent. I do not join in that part of the majority opinion.
__________________
 Justice Braden participated in the oral argument and the
decision of this case prior to his being reassigned to the circuit
court of Cook County.