DORLY McCRAW *et al.*, Plaintiffs-Appellants, v. JAN CEGIELSKI *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 1—95—1035, 1—95—1180 cons.

Opinion filed November 25, 1996.—Rehearing denied May 7, 1997.

WOLFSON, J., specially concurring.

Menges, Mikus & Molzahn, of Chicago (Mark F. Devane and Janice Lynn Tiptow, of counsel), for appellants.

Shelmerdeane A. Miller, of Chicago (Timothy J. Cavenagh, of counsel), for appellees Lynn Snow and Snow Brothers, Inc.

Querrey & Harrow, Ltd., of Chicago (James W. Fessler and Michael Resis, of counsel), for appellee Jan Cegielski.

JUSTICE BRADEN[1] delivered the opinion of the court:

Plaintiffs, Dorly and Raymond McCraw, filed a negligence action in the circuit court of Cook County against defendants, Lynn Snow, Snow Brothers, Inc., and Jan Cegielski. After a jury trial, 60% liability was apportioned to Lynn Snow and Snow Brothers, Inc., and 40% liability, based upon a contributory negligence finding, was apportioned to plaintiffs. There was no liability assessed against Jan Cegielski.

Plaintiffs, Dorly and Raymond McCraw, appeal contending that the trial court erroneously denied their motion for judgment notwithstanding the verdict (judgment *n.o.v.*) on the contributory negligence finding. Defendants, Lynn Snow and Snow Brothers, Inc., maintain that (1) they were entitled to judgment *n.o.v.*; and (2) their motion for a new trial was improperly denied.

At about 5:30 a.m. on the morning of March 30, 1988, plaintiffs, Jan Cegielski and Lynn Snow were driving on Mannheim Road in Franklin Park, Illinois. Plaintiffs and Snow were traveling northbound and Jan was traveling southbound. All three vehicles approached a six-lane bridge at about the same time. The northbound and southbound lanes were separated by a concrete median approximately one foot high and three feet wide.

As he ascended the bridge, Jan lost control of his car and part of the car hit the concrete median and crossed over into the left lane of the northbound traffic. Plaintiffs were traveling northbound in the left lane. As plaintiffs ascended the bridge, they were unable to see Jan's car hanging over the median into their lane. Plaintiffs were traveling within the speed limit, at about 35 or 40 miles per hour, when their vehicle struck that of Jan.

---

[1]Justice Braden participated in the oral argument and the decision of this case prior to his being reassigned to the circuit court of Cook County.

Snow was also driving northbound on the bridge in the right-hand lane about two or three car lengths behind plaintiffs' car. The impact of the collision between plaintiffs' car and Jan's car caused plaintiffs' car to slide across the road, hitting Snow's car. The rear portion of plaintiffs' car hit the left-front portion of Snow's car.

After a jury trial, plaintiffs were awarded $743,000 in damages, which was reduced by 40% due to a contributory negligence finding. The jury found that Snow followed the plaintiffs' vehicle too closely and failed to avoid colliding with the plaintiffs' car. The liability of Snow was assessed at 60%. No liability was assessed against Jan. Plaintiffs and Snow appeal.

## THE SNOW APPEAL

The Snow defendants posit that they were erroneously found negligent and that their judgment *n.o.v.* motion should have been granted. The negligence allegations against Lynn Snow were that he (1) followed plaintiffs' vehicle too closely; and (2) failed to prevent colliding with plaintiffs' car.

■ Although sparse evidence may exist to favor the verdict, a judgment *n.o.v.* is properly entered where the evidence, when viewed in a light most favorable to the nonmovant, so overwhelmingly supports the movant that no contrary verdict could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 229 N.E.2d 504 (1967); *Maple v. Gustafson*, 151 Ill. 2d 445, 603 N.E.2d 508 (1992).

■ ■ To sufficiently demonstrate negligence, a plaintiff must establish a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by that breach of duty. *Turner v. Roesner*, 193 Ill. App. 3d 482, 549 N.E.2d 1287 (1990). Duty is a legal obligation to adhere one's behavior to a particular standard for the benefit or protection of another. *Yager v. Illinois Bell Telephone Co.*, 281 Ill. App. 3d 903, 667 N.E.2d 1088 (1996).

Proximate cause requires the plaintiff to show that the defendant's negligence was (1) the actual cause or the cause in fact of his injury, *i.e.*, but for the defendant's conduct, the accident would not have occurred; and (2) the legal cause of his injury, *i.e.*, the defendant's conduct was so closely tied to the plaintiff's injury that he should be held legally responsible for it. *Laird v. Baxter Health Care Corp.*, 272 Ill. App. 3d 280, 650 N.E.2d 215 (1994). Circumstantial evidence is sufficient to establish probable cause if there is a reasonable inference that can be drawn from it. *McCullough v. Gallaher & Speck*, 254 Ill. App. 3d 941, 627 N.E.2d 202 (1993). The issues of a breach of duty and proximate cause are within the province of the trier of fact. *Turner*, 193 Ill. App. 3d at 488, 549 N.E.2d at 1291.

■ A driver must exercise due care to avoid a collision on the wrong side of the road. *Turner v. Roesner*, 193 Ill. App. 3d 482, 549 N.E.2d 1287 (1990). When a vehicle suddenly swerves into another driver's lane and an impact occurs within seconds, it cannot be reasonably inferred that the driver whose right-of-way was violated acted negligently. *Mitchell v. Ralston*, 130 Ill. App. 2d 759, 266 N.E.2d 424 (1971). A driver confronted with an emergency situation is not expected to behave with the same composure and judgment as would be required in circumstances where imminent danger is not involved. *McCullough v. McTavish*, 62 Ill. App. 3d 1041, 379 N.E.2d 890 (1978). In such situations, the driver's conduct is evaluated in accordance with what a reasonable person would be likely to do under similar circumstances, not hindsight. *Lesperance v. Wolff*, 79 Ill. App. 3d 136, 398 N.E.2d 360 (1979).

After examining the record in this case, it is impossible to conclude that the jury's verdict comported with the evidence presented. There is much information about this accident that is unknown and understandably so, considering its nature and the split-second timing involved. Nevertheless, in piecing together the known evidence, a construct of the occurrence can be created. On a dark morning at about 5:30 a.m., plaintiffs were ascending a bridge on Mannheim Road in the left, northbound lane and they were unable to see what was just over the top of the steep bridge.

Jan was traveling southbound on the same bridge in the lane closest to the northbound lanes. The northbound and southbound lanes were separated by a concrete median about a foot tall and three feet wide. Jan lost control of his vehicle at the top of the bridge, sending it partially over the median. Part of Jan's car was hanging over into plaintiffs' northbound lane.

About two seconds after Jan lost control of his car, plaintiffs, unable to see Jan's car until they were "right on it," struck the car. Plaintiffs' vehicle then rotated counterclockwise across the center lane of the three-lane northbound traffic, hitting the left front corner of Snow's vehicle. Snow testified that he was traveling in the right lane of the northbound traffic and was about two to three car lengths behind plaintiffs. He estimated that the collision between his car and plaintiffs' vehicle occurred in a matter of seconds. The rear portion of plaintiffs' vehicle sustained damage and the left front part of Snow's car was damaged.

Dorly has a scant recollection of the events immediately prior to the incident, but remembers seeing headlights in her rear-view mirror from a car that she believes was tailgating her. She does not recall the time span between her observance of the car in her mirror

and the accident. She also does not recall the distance between her car and the car that was allegedly tailgating her. When the accident occurred, there were about two or three cars traveling northbound on the bridge in addition to Snow's and plaintiffs'. Dorly's testimony about tailgating is somewhat supported by the photographs of her vehicle after the accident which evince damage to the rear end of her car. Jan testified that he did not see a car in the left lane behind Dorly prior to the collision.

Plaintiffs hired an "accident reconstructionist," Thaddeus Aycock, to piece together the details of the accident. He concluded that plaintiffs' car struck Jan's car in the left, northbound lane of the bridge. Plaintiffs' car then spun counterclockwise and hit Snow's car in the center lane. Although Snow contends that he was in the right lane, Aycock posits that only a portion of Snow's car was in the right lane at the point of impact. Based upon his evaluation of the photographs, the police reports, and the depositions he examined, Aycock discovered no evidence of Snow's tailgating plaintiffs. Moreover, there is no evidence that Snow was ever in the left lane. If Dorly was in fact tailgated, we cannot conclude that it was by Snow.

The jury was presented with the foregoing evidence but found that Snow was following too closely behind plaintiffs' car and that he failed to take evasive action to avoid the collision. On its face these findings are inexplicable, as asserted by the Snow defendants' counsel during argument on their motion for a new trial. The explanation for the findings appears to lie in the veracity and demeanor of Snow.

When shown the pictures of the damaged station wagon he was driving at the time of the accident, Snow could not say if the pictured car was the one he was driving. He explained that the station wagon was a company car and that, after the accident, he only saw the car after it was repaired. He further said that he was unaware of the existence of the photographs of the vehicle until days before the trial when they were shown to him. He could not unequivocally say that the car in the picture was the car he was driving at the time of the accident.

Snow also expressed uncertainty when questioned about the lane in which he was traveling when the accident occurred: he said he thought he was in the right lane. Aycock said that the collision occurred in the center lane. Notwithstanding this inconsistency, there is neither direct nor circumstantial evidence of Snow's negligence.

Although the jury evidently dismissed the testimony of Snow, it still had no evidence upon which to base a finding of his tailgating or failing to prevent the accident. As elucidated, there is no evidence that Snow was tailgating; all of the evidence bolsters Aycock's and

Snow's version of events. Regarding the avoidance of the collision, the law is clear and well established. Plaintiffs must prove duty, breach of duty, and that the breach was the proximate cause of the sustained injury. It is uncontested that Snow was not speeding and there is no evidence that his conduct, in any manner, failed to conform to the duty of care he owed to other motorists.

■ More than a sudden swerve into his lane is required to find that a defendant was negligent, but this is all we have here. The law does not require a defendant to take evasive action when confronted with a situation in which he has mere seconds to react. It only mandates that he act prudently under the circumstances. There is no evidence that Snow acted unreasonably. He testified that plaintiffs' car instantly hit his car and that he had no time to take measures to prevent the collision.

The jury's determination of negligence is properly reversed when a court of review finds that the jury surrendered the domain of permissible inferences and speculated in finding that the defendant's conduct was a proximate cause of the plaintiff's injury. *Walling v. Lingelbach*, 65 Ill. 2d 244, 357 N.E.2d 530 (1976). As there was no direct or circumstantial evidence supporting either Snow's tailgating or his failure to avoid the accident while in a position to do so, we find that, viewed in a light most favorable to the Snow defendants, the jury's verdict was not supported by the evidence. Snow raises an additional issue on appeal that is unnecessary for this court to address due to the above finding.

## THE McCRAW APPEAL

■ Although it is rendered moot by our foregoing finding, we will address this issue simply to illuminate the unreasonableness of the jury's verdict. Citing *Eckel v. O'Keefe*, 254 Ill. App. 3d 702, 627 N.E.2d 166 (1993), plaintiffs solely contend that Dorly McCraw was improperly found to be comparatively negligent because no liability can be assessed on a motorist who collides with a vehicle that crossed the center line of a roadway seconds before impact. *Eckel* involved circumstances similar to those presented in this case.

In *Eckel*, the defendant's car crossed the center line and hit the plaintiff's car. The jury found the plaintiff 40% contributorily negligent, and this court found that this finding was against the manifest weight of the evidence and remanded the case with instructions for the trial court to enter the full judgment against defendant, disregarding the prior allocation to the plaintiff. Specifically, the court found that the defendant's evidence failed to refute the conclusion that the accident was proximately caused by defendant's negligence alone.

This case is not applicable to any decision this court must make. As discussed in the context of Snow's conduct, a sudden swerve into the right-of-way of a driver doesn't necessarily mean that the infringed-upon driver was negligent. Ironically comparable to the circumstances with which Snow was faced, Dorly was presented with a situation where she had seconds far too sparse to permit the taking of evasive action. She could not employ evasive measures in this circumstance and the law does not require that she do so.

All of the evidence supports Dorly's acting with due care; there is no evidence that she failed to exercise a proper lookout or proper control over her vehicle. Similarly to our finding regarding Snow, we conclude that the jury's determination of Dorly's contributory negligence was against the manifest weight of the evidence as there is no evidence from which the jury could have reasonably found her negligent.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

CAMPBELL, P.J., concurs.

JUSTICE WOLFSON, specially concurring:

I agree that the judgment against Snow should not stand. There is no evidence to support it. The jury must have guessed or speculated to reach its verdict. I do not join the majority opinion because I do not share its view of the facts. I have read the record and I don't know what the facts are. That, of course, is the problem with the jury's verdict. The plaintiff had the burden of proof, albeit a preponderance burden, and it was not met.

Since we are entering a judgment for the defendant, I do not see the need to discuss whether Dorly McGraw was comparatively negligent. I do not join in that part of the majority opinion.