First Division
June 14, 2010

No. 1-07-1128

| | | |
|---|---|---|
| JOYCE ROBINSON, as Special | ) | Appeal from the |
| Administrator of the Estate of | ) | Circuit Court of |
| Wanda Boone, Deceased, | ) | Cook County |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 04 L 13958 |
| | ) | |
| | ) | |
| JAMES F. BOFFA, | ) | Honorable |
| | ) | Donald J. O'Brien |
| Defendant-Appellee. | ) | Judge Presiding |

PRESIDING JUSTICE HALL delivered the opinion of the court:

This case arises out of a medical malpractice action brought by plaintiff, Joyce Robinson, as special administrator of the estate of her deceased mother, Ms. Wanda Boone, against defendant surgeon, Dr. James F. Boffa. Ms. Boone had just turned 77 at the time of her death.

Ms. Boone was admitted to the hospital after complaining of weakness and anemia. Because she suffered from iron deficiency anemia, an exploratory colonoscopy was recommended. On February 15, 2000, Dr. Luis Nasiff, a board-certified gastroenterologist, performed the colonoscopy on Ms. Boone. The results showed a cancerous mass in her colon. Ms. Boone saw Dr. Boffa to have the cancerous tumor removed.

On February 18, 2000, Dr. Boffa removed a tissue mass from Ms. Boone's colon, but not the cancerous tumor. Five days later, Ms. Boone underwent a second surgery to remove the cancerous

tumor.  Ms. Boone died on March 25, 2000.

Ms. Boone's estate filed a negligence action against Dr. Boffa claiming that he violated the applicable standard of care by failing to remove the cancerous tumor during the first surgery and by performing the second surgery too soon after the first surgery.  Plaintiff contended the stress of the second surgery caused Ms. Boone's death.

Dr. Boffa argued that his failure to remove the cancerous tumor during the first surgery was not negligent because he was misled by the colonoscopy report as to the location of the tumor.

Plaintiff appeals from the verdict and judgment entered following a jury trial and from the trial court's subsequent order denying her posttrial motion.

Plaintiff's overarching contention on appeal is that the trial court erred in instructing the jury with the long forms of Illinois Pattern Jury Instructions Civil No. 12.04 and No. 12.05 (3d ed. 1989) (hereinafter IPI Civil 3d), on proximate cause. The long form of IPI Civil 3d No. 12.04 tendered by the trial court read:

"More than one person may be to blame for causing an injury.  If you decide that the defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of

-2-

injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant."

The long form of IPI Civil 3d No. 12.05 tendered by the trial court stated:

"If you decide that the defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury.

However, if you decide that the sole proximate cause of injury to the plaintiff was something other than the conduct of the defendant, then your verdict should be for the defendant."

Plaintiff contends on appeal, as she did below, that the trial court erred in tendering the second paragraph of each of the instructions. The notes for each instruction indicate that the second paragraph should be given only where there is evidence tending to show that the sole proximate cause of the occurrence was a third person (IPI Civil 3d No. 12.04), or something other than the conduct of the defendant (IPI Civil 3d No. 12.05). IPI Civil 3d Nos. 12.04, 12.05, Notes on Use.

Prior to trial, defendant sought to admit evidence that the sole proximate cause of the decedent's death was someone other than Dr. Boffa or something other than the second colon surgery decedent underwent. Specifically, defendant sought to admit

No. 1-07-1128

evidence that the proximate cause of the decedent's death was multisystem failure secondary to congestive heart failure, diabetes, and renal failure; and separately, Dr. Nasiff's negligence in failing to precisely pinpoint the location of the cancerous tumor in his colonoscopy report. Defense counsel claimed the decedent was required to undergo a second colon surgery because the colonoscopy report misled Dr. Boffa as to the precise location of the tumor during the first surgery.

Plaintiff moved in limine to bar such evidence. The trial court denied the motion. The jury ultimately returned a verdict for defendant. The trial court denied plaintiff's posttrial motion and this appeal followed. For the reasons that follow, we affirm.

ANALYSIS

In a medical malpractice action, the plaintiff must prove that the defendant's breach of the applicable standard of care proximately caused the resulting injury. Purtill v. Hess, 111 Ill. 2d 229, 241-42, 489 N.E.2d 867 (1986). Proximate cause is ordinarily an issue of fact for the jury to decide unless the facts are undisputed and reasonable minds could not differ as to the inferences to be drawn from those facts. Kimber v. City of Warrenville, 248 Ill. App. 3d 361, 367, 617 N.E.2d 1263 (1993).

Plaintiff contends the trial court erred in admitting evidence and argument that Dr. Nasiff's failure to precisely pinpoint the location of the tumor in his colonoscopy report was

-4-

No. 1-07-1128

a proximate cause of the decedent's death. Plaintiff maintains there was no evidentiary basis for such an argument or for the trial court to instruct the jury with the second paragraph of IPI Civil 3d No. 12.04, which followed from that argument.

The admission of evidence is within the sound discretion of the trial court, whose ruling will not be disturbed absent an abuse of discretion. Gill v. Foster, 157 Ill. 2d 304, 312-13, 626 N.E.2d 190 (1993). In regard to jury instruction, a litigant has the right to have the jury clearly and fairly instructed upon each theory that was supported by the evidence; however, it is error to give an instruction not based on the evidence. Leonardi v. Loyola University of Chicago, 168 Ill. 2d 83, 100, 658 N.E.2d 450 (1995).

Plaintiff's theory of the case was that her mother died from the stress of a second surgery on her colon. Plaintiff claimed her mother would not have required the second surgery if Dr. Boffa had not been negligent in failing to locate and remove a nickel-size cancerous tumor from her mother's colon during the first surgery.

Plaintiff also maintained the doctor was negligent in performing the second surgery only five days after the first surgery. Plaintiff asserted that the second surgery was performed too close in time to the first surgery. Plaintiff argued the decedent had just begun to recover from the first surgery when she underwent the second surgery.

Plaintiff acknowledges that Dr. Nasiff reported the tumor's location to be approximately 20 centimeters (about 8 inches) away from its actual location in the decedent's colon, but contends that this reported location was only an estimate because of the physical structure of the colon, which is similar to an accordion with various twists and bends. Plaintiff maintains that even if Dr. Nasiff's colonoscopy report initially misled Dr. Boffa as to the precise location of the tumor, this should not have made any substantive difference in the surgery.

Plaintiff claims that once Dr. Boffa grossly examined (examined with the naked eye) the area of the colon described in the colonoscopy report and saw that the lining of the colon (mucosa) was normal, he then knew or was obligated by the applicable standard of care to know that the tissue mass he removed and suspected was cancerous was in fact benign. Therefore, he was required to continue the surgery until he located the cancerous tumor.

Plaintiff asserts the second surgery would have been unnecessary if during the first surgery Dr. Boffa had taken a frozen section of the tissue mass he believed was cancerous and had it analyzed to determine if it was in fact cancerous. In the alternative, plaintiff maintains the doctor could have performed an intraoperative endoscopy to locate and identify the lesion.

Plaintiff argues that if Dr. Boffa had followed either procedure during the first surgery, he would have discovered that

the tissue mass he removed, and initially believed was malignant, was in fact nonmalignant, thereby necessitating that he continue the surgery until he located the cancerous tumor. Plaintiff maintains that Dr. Boffa's failure in all of these regards amounted to a deviation from the applicable standard of care.

Plaintiff contends that Dr. Nasiff's alleged negligence in regard to the colonoscopy report was not a legal cause of the decedent's death. We agree.

Dr. Allesandro Fichera, a board-certified colorectal surgeon, and Dr. Nasiff both testified that the standard of care required Dr. Boffa to understand and appreciate that Dr. Nasiff's measurement of the location of the tumor was an estimate. In the instant case, even if we were to conclude, which we do not, that Dr. Nasiff's failure to more accurately pinpoint the location of the tumor in his colonoscopy report was an actual cause of the decedent's death, this would not establish that his conduct proximately caused her death. It would still have to be shown that Dr. Nasiff's conduct was a legal cause of the decedent's death.

"A defendant's acts are a legal cause only if they are 'so closely tied to the plaintiff's injury that he should be held legally responsible for it. ' " Simmons v. Garces, 198 Ill. 2d 541, 558, 763 N.E.2d 720 (2002), quoting McCraw v. Cegielski, 287 Ill. App. 3d 871, 873, 680 N.E.2d 394 (1996). A determination as to legal cause is " ' a policy decision that limits how far a

defendant's legal responsibility should be extended for conduct that, in fact, caused harm. ' " Simmons, 198 Ill. 2d at 558, quoting Lee v. Chicago Transit Authority, 152 Ill. 2d 432, 455, 605 N.E.2d 493 (1992).

Legal cause is essentially a question of foreseeability. Lee, 152 Ill. 2d at 455. To establish legal cause, the injury must be foreseeable as the type of harm that a reasonable person would expect to see as a likely result of his or her conduct. Lee, 152 Ill. 2d at 455.

In this case, even if Dr. Nasiff could have reasonably foreseen that a surgeon would rely on a colonoscopy report to locate a cancerous lesion, we do not believe that the doctor could have reasonably foreseen that a surgeon would rely on the colonoscopy report to conclusively determine if a suspected tissue mass was in fact cancerous. Dr. Boffa's subsequent failure to conclusively determine if the suspected tissue mass was in fact cancerous was an unforeseen intervening omission that broke the chain of causation between Dr. Nasiff's alleged negligence and the decedent's death.

It is well settled that where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, liability turns upon whether the intervening act or omission was a foreseeable consequence of the situation created by the defendant's negligence. See, e.g., Bentley v. Saunemin Township, 83 Ill. 2d 10, 15, 413 N.E.2d 1242 (1980) ("[t]he

negligence of a defendant will not constitute a proximate cause of a plaintiff's injuries if some intervening act supersedes the defendant's negligence, but if the defendant could reasonably foresee the intervening act, that act will not relieve the defendant of liability").

Even if Dr. Nasiff's colonoscopy report initially misled Dr. Boffa as to the precise location of the tumor, Dr. Boffa had an independent duty and responsibility to act on his own knowledge to conclusively determine if the suspected tissue mass was cancerous. We do not believe Dr. Nasiff could have reasonably foreseen that a surgeon would rely on a colonoscopy report to conclusively determine whether a suspected tissue mass was in fact cancerous. As a result, Dr. Nasiff's alleged negligence could not have been a proximate cause of the decedent's death. See, e.g., Thompson v. County of Cook, 154 Ill. 2d 374, 383, 609 N.E.2d 290 (1993) ("proximate cause is *** absent where the independent acts of a third person break the causal connection between the alleged original wrong and the injury").

Having reached this conclusion, we find that the trial court erred in tendering the second paragraph of IPI Civil 3d No. 12.04, because there was no evidentiary foundation to support the gastroenterologist, Dr. Nasiff, as the sole proximate cause of the decedent's death. See, e.g., Freeman v. Petroff, 275 Ill. App. 3d 904, 915-16, 656 N.E.2d 453 (1995) (trial court erred in giving jury instruction containing second paragraph of IPI Civil

3d No. 12.04, where there was insufficient evidentiary basis to support giving instruction), overruled on other grounds by McDonnell v. McPartlin, 192 Ill. 2d 505, 516, 736 N.E.2d 1074 (2000). While we recognize this error, plaintiff must still show she was prejudiced by the instructional error.

Jury instructions should be viewed as a whole, and reversible error occurs only when serious prejudice to the complaining party's right to fair trial has been proven. Burlington Northern & Santa Fe Ry. Co. v. ABC-NACO, 389 Ill. App. 3d 691, 716, 906 N.E.2d 83 (2009). "A reviewing court ordinarily will not reverse a trial court for giving faulty instructions unless they clearly misled the jury and resulted in prejudice to the appellant." Schultz v. Northeast Illinois Regional Commuter R.R. Corp., 201 Ill. 2d 260, 274, 775 N.E.2d 964 (2002).

Plaintiff has not established that she was prejudiced by the trial court's error in tendering the second paragraph of IPI Civil 3d No. 12.04, because there existed other defense theories upon which the jury could have determined that Dr. Boffa was not liable for the decedent's death. Under the two-issue rule, a general jury verdict will not be disturbed on review if the case involved two or more causes of action or defenses and there was sufficient evidence to support at least one of the issues or defenses presented to the jury free from error. See Cole v. Raut, 378 S.C. 398, 406-07, 663 S.E.2d 30, 35 (2008); see also Grenitz v. Tomlian, 858 So. 2d 999, 1001 (Fla. 2003), quoting Tomlian v.

-10-

<u>Grenitz</u>, 782 So. 2d 905, 906 (Fla. App. 2001) ("'where two issues are submitted to a jury, only one of which is infected with error, the appellate court will assume the jury found for the prevailing party on the issue which was error-free, unless it can be determined from the form of verdict that the error was prejudicial'").

"When a general verdict for the plaintiff is on review, the rule is applied by focusing on the causes of action ***." <u>Barth v. Khubani</u>, 748 So. 2d 260, 261 (Fla. 1999); see also <u>Moore v. Jewel Tea Co.</u>, 46 Ill. 2d 288, 294, 263 N.E.2d 103 (1970) ("where several causes of action are charged and a general verdict results, the verdict will be sustained if there are one or more good causes of action or counts to support it").

"On the other hand, when the jury returns a general verdict for the defendant, the 'two issue rule' is applied by focusing on the defenses ***." <u>Barth</u>, 748 So. 2d at 261-62. Thus, "where two or more defense theories are presented to the jury and it returns a verdict for the defense, an appellate claim of error as to one defense theory will not result in reversal since the verdict may stand based on another theory." <u>Barth</u>, 748 So. 2d at 262.

In the instant case, defense counsel asserted two proximate cause defenses. First, the decedent's preexisting health problems, which included congestive heart failure, diabetes, and renal failure. Dr. Boffa opined that the decedent died from multisystem organ failure beginning with the decedent's impaired

kidney function, which affected her heart and lungs.

And second, the failure of gastroenterologist Dr. Nasiff to precisely pinpoint the location of the tumor in his colonoscopy report. Defense counsel contended the decedent was required to undergo a second colon surgery because the colonoscopy report misled Dr. Boffa as to the precise location of the tumor during the first surgery.

Because the jury rendered a general verdict for defendant and could have relied upon the first proximate cause defense to find no liability and because there was ample evidence supporting this defense, we cannot say that the plaintiff was prejudiced by the trial court's error in tendering the second paragraph of IPI Civil 3d No. 12.04.

Plaintiff finally contends the trial court erred in admitting evidence and argument that the decedent's preexisting medical conditions were a proximate cause of her death. Plaintiff maintains there was no evidentiary basis for such an argument or for the trial court to instruct the jury with the second paragraph of IPI Civil 3d No. 12.05 which followed from that argument.

Plaintiff argues that the only witness to connect the decedent's preexisting medical conditions to her death was Dr. Boffa, who testified that the decedent died from multisystem organ failure beginning with the decedent's impaired kidney function. Plaintiff claims that other than Dr. Boffa's "limited

causation evidence," nothing else connected the decedent's preexisting medical conditions to her death and therefore any evidence and argument about the preexisting medical conditions should have been barred.

Plaintiff argues "it is not enough to simply throw out a medical condition and allow the jury to determine whether there is a causal relationship between that condition and the claimed injury." Again, we must disagree with plaintiff.

The element of proximate cause is an element of the plaintiff's case. Yoder v. Ferguson, 381 Ill. App. 3d 353, 384, 885 N.E.2d 1060 (2008). In a medical malpractice action, the plaintiff bears the burden of proving that the defendant's breach of the applicable standard of care proximately caused the injuries at issue. Reardon v. Bonutti Orthopaedic Services, Ltd., 316 Ill. App. 3d 699, 710, 737 N.E.2d 309 (2000).

The defendant is not required to plead lack of proximate cause as an affirmative defense. Leonardi, 168 Ill. 2d at 93-94. However, "if there is evidence that negates causation, a defendant should show it." Leonardi, 168 Ill. 2d at 94. A defendant has the right to rebut evidence tending to show that his acts are negligent and a proximate cause of the plaintiff's injuries and he has the related right to establish that some other causative factor was the sole proximate cause of the injuries and, assuming some competent evidence is presented, to have the jury instructed on this theory. McDonnell v. McPartlin,

-13-

No. 1-07-1128

192 Ill. 2d 505, 521, 736 N.E.2d 1074 (2000).

In the instant case, defense counsel presented competent evidence through Dr. Boffa that the sole proximate cause of the decedent's death was some other causative factor, namely, the decedent's preexisting medical condition. Plaintiff counters that even if Dr. Boffa's testimony connected the decedent's preexisting medical condition to her death, this connection was severed by the doctor's subsequent "judicial admission" that he could not rule out the second colon surgery as the cause of the decedent's death. We must reject plaintiff's contention.

We agree with the trial court that Dr. Boffa's admission concerning the second surgery went to the weight of his prior testimony concerning the decedent's preexisting medical condition and not to its admissibility. See, e.g., Moller v. Lipov, 368 Ill. App. 3d 333, 344, 856 N.E.2d 664 (2006). In view of the evidence adduced at trial, we find that the trial court did not err in tendering the second paragraph of IPI Civil 3d No. 12.05.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PATTI, J., concurs.

JUSTICE GARCIA, specially concurring:

I have a fundamental disagreement with the majority's application of the two-issue rule. "Under the two-issue rule, a general verdict will not be disturbed if the case involved two or

-14-

more causes of action or defenses and there was sufficient evidence to support at least on of the issues or defenses presented to the jury free from error. [Citation.]" Slip op. at 10. The majority precedes the foregoing statement with a claim that the "[p]laintiff has not established that she was prejudiced by the trial court's error in tendering the second paragraph of IPI Civil 3d No. 12.04, because there existed other defense theories upon which the jury could have determined that Dr. Boffa was not liable for the decedent's death." Slip op. at 10. It is an oversimplification to link the two-issue rule with the plaintiff's inability to show prejudice.

The two-issue rule precludes review of a general verdict not because the plaintiff is unable to show prejudice based on an improper instruction. Rather, the jury's general verdict is not subject to review because "the basis for the verdict" is unknowable in the absence of a special interrogatory. Strino v. Premier Healthcare Associates, P.C., 365 Ill. App. 3d 895, 904, 850 N.E.2d 221 (2006). Stated differently, the two-issue rule forecloses review of a general verdict in favor of a defendant because "[t]he general verdict *** creates a presumption that the jury found in favor of [the defendant] on every defense raised." Lazenby v. Mark's Construction, Inc., 236 Ill. 2d 83, 102, 923 N.E.2d 735 (2010).

It is the absence of a special interrogatory answered by the jury to explain its general verdict for the defendant that

forecloses any claim of prejudice arising from an allegedly erroneous instruction. Strino, 365 Ill. App. 3d at 904-05 (in the absence of a special interrogatory, a court of review cannot "determine whether the jury found in the defendant's favor on the negligence issue[, rather than on contributory negligence]").

In the instant case, if the jury rendered its no liability verdict because the plaintiff failed to prove negligence on the part of Dr. Boffa, then the long-form proximate cause instruction the plaintiff complains of, played no role in the jury's decision in favor of the defendant doctor. Tabe v. Ausman, 388 Ill. App. 3d 398, 403, 902 N.E.2d 1153 (2009); see also Orzel v. Szewczyk, 391 Ill. App. 3d 283, 290, 908 N.E.2d 569 (2009).

In Tabe, the defendant doctors argued that based on the two-issue rule, "if the jury determined that the defendant doctors did not deviate from the standard of care, then any error in giving the long-form proximate cause instruction 'would have had no effect on the verdict.' " Tabe, 388 Ill. App. 3d at 402, quoting Strino, 365 Ill. App. 3d at 904-05. We agreed.

In Orzel, the plaintiff claimed the jury was wrongly instructed on contributory negligence. However, we determined that the absence of a special interrogatory answered by the jury explaining the basis for its general verdict precluded our review of the issue:

"When the jury returned a verdict in favor of defendants in this case, it could have decided defendants were not liable

-16-

because plaintiff failed to meet her burden of proof regarding the underlying slip and fall negligence case. Or, the jury could have found plaintiff was more than 50% at fault for her injuries. We simply do not know what the jury decided here, other than that defendants were not liable. The jury may have reached a verdict in defendants' favor without ever considering the issue of contributory negligence. Based on the general verdict returned, we cannot say the contributory negligence instruction made a difference in this case. [Citation.]" Orzel, 391 Ill. App. 3d at 290.

When the two-issue rule applies, review of a jury's general verdict is foreclosed in the absence of a special interrogatory explaining the basis for the verdict, much like review is foreclosed when the appealing party fails to submit a record that demonstrates the circuit court erred in its reasoning in ruling in favor of the opposing party. See Foutch v. O'Bryant, 99 Ill. 2d 389, 391, 459 N.E.2d 958 (1984) (in the absence of a transcript of the circuit court proceedings, "the appellate court had to presume that the trial court acted in conformity with the law and ruled properly after considering the motion").

When we affirm in the absence of a jury's answer to a special interrogatory explaining its general verdict or in the absence of a transcript explaining the circuit court's ruling, we do so on the basis that the applicable presumption precludes

review, not on the basis that the appealing party failed to demonstrate prejudice, though the latter is necessarily true as well.

Even if we were to set aside the presumption raised by the two-issue rule and directly consider the plaintiff's claims of prejudice, the plaintiff is unable to demonstrate substantial prejudice to warrant a new trial based on any error in instructing the jury with the second paragraph of IPI Civil 3d Nos. 12.04 and 12.05. See Tabe, 388 Ill. App. 3d at 405-06 ("there is no precedent that holds the giving of the sole proximate cause instruction results in prejudice to a plaintiff").

I specially concur in the result.