No. 1-19-1728

2021 IL App (1st) 191728-U
No. 1-19-1728
September 7, 2021

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| Toya Banks, | ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| v. | ) | No. 16 L 8301 |
| Advocate Health and Hospital Corporation, | ) | The Honorable Thomas V. Lyons, II, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Hyman and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant's counsel's comments during cross examination and closing arguments regarding plaintiff's alleged prior bad acts denied plaintiff a fair and impartial trial.

¶ 2     Plaintiff Toya Banks filed suit alleging medical negligence against Defendant Advocate Health and Hospital Corporation d/b/a Advocate Trinity Hospital for the death of her husband, Robert Banks. Over Toya's objection, the circuit court permitted the defense to cross-examine Toya's expert witness regarding Toya and Robert's 2011 to 2015 tax returns. Toya now appeals arguing that the circuit court abused its discretion by admitting the tax returns. For the following reasons, we reverse and remand.

1

¶ 3                                   BACKGROUND

¶ 4         On October 1, 2015, Robert was admitted to Advocate Trinity Hospital for complaints of chest pains. Dr. Ali, the cardiologist, was assigned to evaluate Robert, and he conducted a series of tests to determine if Robert had a blockage or a heart attack. After the treatment, Robert was discharged. On October 2, 2015, Robert died from a massive heart attack.

¶ 5         On August 19, 2016, Toya, as an Independent Administrator of Robert's estate, filed a complaint alleging medical negligence against Defendants, Advocate Health and Hospital Corporation, d/b/a Advocate Trinity Hospital, Advocate Health Care Network d/b/a Advocate Health Care (referred to collectively as Advocate) and Dr. Imran Ali. The complaint alleged Dr. Ali and Advocate rendered negligent care and made a misdiagnosis that resulted in Robert's death.

¶ 6         Toya alleged Dr. Ali and Advocate failed to provide proper treatment to Robert which was the proximate cause to his death. Advocate contended that proximate cause can not be established because "no autopsy was performed to confirm that the decedent died due to the existence of a blockage in one of his coronary arteries."

¶ 7         At trial, on April 8, 2019, Dr. Malcom Cohen testified regarding Toya's economic loss resulting from Robert's death. Dr. Cohen reviewed Robert and Toya's federal and state tax returns for 2011- 2015. During cross-examination, the defense questioned Dr. Cohen regarding Toya and Robert's misrepresentation on their 2011 to 2015 tax returns. Toya's counsel objected to the line of questions and requested a side bar. During the side bar, Toya's counsel argued that the line of questioning by defense counsel was unfairly prejudicial. In response, defense counsel argued:

"Your honor, what I am going to establish with this information that this particular expert reviewed is that from 2011 to 2014, Mr. Banks filed as a single individual, and from 2014 and 2013 Ms. Banks was filing as a head of household, which is a direct violation of the IRS Code of Federal Regulations.

It is completely relevant because the underlying taxes are relied upon by their expert. It's also completely relevant because they put a witness on the stand who said that my client lied to her over five times. She spent the last 11 years lying to the federal government."

¶ 8    The circuit court overruled the objection and found that if Dr. Cohen formulated his opinions while relying on misleading information, then the cross-examination was proper. Defense counsel proceeded with cross-examination of Dr. Cohen based on the tax returns and filing status, and asked the following: "and they're filed under penalty of perjury; true?" Dr. Cohen replied, "yes I assume so." Subsequently, the following exchange occurred:

Q. So, we know, then, that Mr. Banks, by stating that he was single from 2011 through 2014, on his tax documents, misrepresented his marital status to the federal government every one of those taxes; true?

A. Well, I mean, he might have misunderstood how to fill this out, but it seems to be inconsistent with what we've read.

Q. Right, because for every one of those years he listed himself as single; true?

A. Yes.

Q. And Mrs. Banks misrepresented her marital status in 2014 to the federal government by not stating that she was "married, filing separately" or "married, filing jointly"; true?

A. It appears, reading this, that should she put down the inappropriate categorization of her marital status.

Q. And we know that by doing that, and you know as a doctor in economics, that by misrepresenting your tax status and stating you are "head of the household" instead of "married, filing jointly" or "married, filing separately," that results in lower taxes for people that do that type of thing; true?

A. I believe so, yes.

¶ 9        Toya's counsel objected again when defense counsel asked if the misrepresentation was improper. Based on Dr. Cohen's testimony, defense counsel moved to bar the economic claim and loss of society. Defense counsel argued:

"I raised things with respect to misrepresentations made in that record for over 11 years. [Her] own expert agreed that the reason they did it was so that they would benefit from their tax fraud, which they did… There is absolutely no basis for this Court to allow this economic claim because it is based on 11 years of fraud, and their expert, again agreed to that."

Toya's counsel argued that "the Banks family is married," and "the income taxes are completely irrelevant." The circuit court denied the motion. The court stated the defense counsel can not argue that the fraud was committed. However, the court added: "either errors

or misrepresentation. Either she was married, or she was not. And you can argue the reasonable inference from the evidence… You may argue that."

¶ 10    During closing arguments, the defense counsel argued:

"And I have to address these tax returns, ladies and gentlemen, I have to… It is important, because as Mr. Cohen told us, when somebody misrepresents their tax status, you can get lower taxes… The other reason it's important is because it goes to the credibility of the witness… Ladies and gentlemen, I submit to you [sic] can't have it both ways. You can't tell the Federal government you're single or you're the head of household so that you can get lower taxes and then walk into this courtroom and accuse another man of lying and accuse another man of causing somebody's death and ask for $16 million. You can't have both ways."

¶ 11    On April 10, 2019, the jury returned a verdict in favor of Advocate. Toya moved for a new trial, arguing the circuit court permitted irrelevant and highly prejudicial questioning about tax returns, over her objections. On July 20, 2019, the circuit court denied the motion.

¶ 12                                    ANALYSIS

¶ 13    On appeal, Toya argues that the circuit court abused its discretion by admitting Robert and Toya's federal tax returns that contained a misrepresentation. Toya also argues the court erred in permitting defense counsel to cross-examine Dr. Cohen on the material. Toya contends that the admission of evidence ran afoul of the prohibition of character evidence. Advocate argues that Toya forfeited the challenge by failing to preserve the issue. Advocate also contends that

Toya cannot show substantial prejudice and the two-issue rule forecloses this court from reviewing the jury's general verdict.

¶ 14    We review the circuit court's decision to admit evidence for abuse of discretion. Abuse of discretion occurs when the circuit court's decision is arbitrary, "oversteps the bound of reason, ignores the law," or "where no reasonable person would take the view adopted by the trial court" and thereby causes substantial prejudice. *U.S. Steel Corp. v. Ill. Pollution Control Bd.,* 384 Ill. App. 3d 457, 461 (2008); *Seymour v. Collins*, 2015 IL 118432, ¶ 41 (Ill. September 24, 2015). "A party is not entitled to a reversal based upon the trial court's evidentiary ruling unless the error substantially prejudiced the aggrieved party and affected the outcome of the case." *Koreva v. Envirite of Ill., Inc.*, 2015 IL App (1ˢᵗ) 133049, ¶ 55 (2015). Therefore, the party claiming abuse of discretion bears the burden of establishing prejudice. *Id.*

¶ 15    To preserve an issue for appeal, the party must both make an objection at the time of trial and in a post-trial motion. *Adams v. Bush Lincoln Health Ctr.*, 369 Ill. App. 3d 988, 1005 (4th Dist. 2007). Advocate contends Toya failed to preserve the issue after the sidebar or during closing argument and has forfeited her challenge. Toya argues that she preserved the issue because she objected on the record, requested a sidebar, and raised the issue in a post-trial motion. We agree. Since Toya objected at trial and raised the issue in a post-trial motion, she has not forfeited this issue.

¶ 16    Toya contends the admission of evidence ran afoul of the prohibition of character evidence under Illinois Rules of Evidence 404(b) and tipped the scales of justice against her. She also argues the evidence painted her as a "tax fraudster."

¶ 17    We find Advocate's cross-examination of Toya and Robert's tax returns was proper as economic loss was an issue in the case. In *Cerveny v. Am. Family Ins. Co.,* 255 Ill. 3d 399, 411

6

(1993), the defendant cross-examined the plaintiff on her federal income tax returns concerning the issue of damages. The question on appeal was whether plaintiff filed income taxes during specific years, which plaintiff conceded that some returns were not filed. *Id*. at 411-12. The defendant did not ask any follow up questions. *Id*. This court concluded that plaintiff's tax returns were relevant to the damages sought, and the trial court did not err. *Id*. at 411.

¶ 18     In *Thornhill v. Midwest Physician Ct*., Ill. App. 3d 1034, 1047-48 (2003), the plaintiff was cross-examined about "her 1991-1993 tax returns on which she had claimed two goddaughters as dependents and indicated they lived with her…" The defendant sought to impeach the plaintiff for inconsistent statements since she claimed on cross-examination "she had never cared for or had custody of anyone else's children." *Id*. at 1047. The court determined the evidence was relevant to plaintiff's credibility. *Id.* Here, defense counsel did not cross-examine Toya on the tax returns. Instead, defense counsel used the tax returns while Toya's expert witness was on the stand.

¶ 19     While we acknowledge the tax returns were relevant to Toya's damages claim, defense counsel's repeated inferences of criminal conduct were highly improper. In *Pozzie v. Mike Smith, Inc.,* 33 Ill. App. 3d. 343, 346-47 (1975), the trial court allowed defendant's counsel to question plaintiff's claimed tax deductions. This court found that the cross-examination was wholly improper because the cross-examination sought to imply the plaintiff was "dishonest and attempted to cheat the government out of tax revenue." *Id*.

¶ 20     *Pozzie* draws a clear line between relevancy and improper uses of tax returns. 33 Ill. 3d. at 347. While Advocate did not examine each deduction as in *Pozzie*, they extensively questioned the filing status for each tax return year by year. Advocate's questioning of Dr. Cohen about the returns was a clear attempt to portray Toya and Robert as criminals. Advocate stated during

the sidebar, "she spent the last 11 years lying to the government." During closing arguments, Advocate's counsel stated: "you can't tell the federal government you're single then walk into this courtroom and accuse another man of lying…. You can't have it both ways." Advocate's counsel improperly painted Toya as a dishonest person who cheats the government, and it substantially prejudiced Toya.

¶ 21        However, Advocate argues the "two-issue [rule] forecloses this court's review of the jury's general verdict." Advocate also argues that Toya cannot prove that the tax returns were prejudicial as the jury returned a general verdict, which does not disclose the basis of the verdict. The two-issue rule may apply when a case involves two or more defenses or causes of actions that are submitted to the jury. *Robinson v. Boffa*, 402 Ill. App. 3d. 401, 406 (2010). A general verdict based on more than one theory will not be disturbed if there is sufficient evidence to support at least one issue or defense. *Id*. In *Boffa*, a medical negligence case, the plaintiff argued that the trial court erred in admitting evidence of the decedent's medical history and admitting arguments that another doctor was the proximate cause of decedent's death. *Id.* at 403. This court found no trial error in instructing the jury of the defendant's defense of proximate cause or in the defense arguing the decedent's medical history was a proximate cause. *Id*. at 407-08.

¶ 22        Advocate relies on *Lazenby v. Mark's Constr., Inc.,* 236 Ill. 2d 83, 85-86 (2010), to support its argument. In *Lazenby*, a plaintiff firefighter sued the defendant general contractor for negligence based on injuries sustained in a fire at the residence on which defendant was working. At trial, the defendant presented significant evidence that the plaintiff acted negligently. *Id.* at 100. The trial court instructed the jury to complete a verdict form to find for the defendant or find that the plaintiff's contributory negligence was more than 50% of the

proximate cause of the injury. *Id*. at 101-02. The jury returned a general verdict for defendant. *Id*. at 91-92. Our Supreme Court concluded that the general verdict created a presumption that the jury found for the defendant on every defense raised. *Id.* at 102. Additionally, the court noted that no special interrogatory was submitted to the jury to specify their findings of fact. *Id*. at 101.

¶ 23 The two-issue rule, however, only applies when there is more than one theory presented. *Id*. In *Boffa,* the defense presented two theories for the proximate cause of the decedent's death: pre-existing medical history or another doctor's negligence. 402 Ill. App. 3d at 403. In *Lazenby*, the defendant raised multiple defenses. 236 Ill. 2d at 102.

¶ 24 Here, Advocate argues that "the defense challenged plaintiff's case on both breach and causation grounds." However, Advocate concedes that they did not present two defenses or two theories for the proximate cause of Robert's death. Instead, Advocate simply attacked the sufficiency and credibility of Toya's evidence. The two-issue rule applies only where a party is challenging a jury instruction. Boffa, 402 Ill. App. 3d 401, 406. The jury instructions rejected Advocate's arguments of a two-issue rule as there was only one theory on which the jury was instructed. Therefore, the two-issue rule does not apply to the verdict in this case.

¶ 25 CONCLUSION

¶ 26 The circuit court abused its discretion by allowing evidence and argument regarding inferences of criminal conduct. Defendant's counsel's comments during cross examination and closing arguments concerning plaintiff's alleged prior bad acts were irrelevant, highly prejudicial, and denied plaintiff a fair and impartial trial. Accordingly, we reverse the circuit court's judgment and remand for a new trial.

¶ 27 Reversed and remanded.